# Commonwealth v. Weinberg, Appellant.

*Criminal law—Murder—Charge—Degrees—Voluntary and involuntary manslaughter—Self-defense—Presumption of malice—Harmless error—Appeals.*

1. Where a person indicted for murder is convicted of manslaughter, the verdict will be construed as a finding of voluntary manslaughter, inasmuch as a person tried for murder cannot be found guilty of involuntary manslaughter.

2. In such case, an incidental mention of "involuntary manslaughter" in the course of the charge, is not ground for reversal, as it could not have done defendant any harm.

3. Where a homicide is shown under circumstances which indicate the assailant must have known death was likely to ensue, there is a presumption of malice and of murder in some degree, and the burden is on defendant of reducing the crime from murder to manslaughter.

4. In a murder trial where self-defense is interposed, the trial judge cannot be convicted of error in saying the evidence must show circumstances attending the act such as reasonably to create a belief of great danger "in the mind of a reasonable and ordinarily courageous man."

5. Self-defense is an affirmative defense and the burden of proving it is on defendant.

6. Where self-defense is set up, the jury may acquit, if it is reasonably satisfied that the weight of the evidence, taken as a whole, favors the defense, even if there is some doubt as to such defense being established.

7. The jurors ought not to acquit merely because there is a doubt in their minds as to whether the defense has been made out, but they may acquit if they feel the weight of the evidence favors defendant, in spite of a lingering doubt as to whether the defense is established.

8. A conviction of voluntary manslaughter will not be reversed where the trial judge, in referring to the subject of self-defense, says "you must be convinced of the truthfulness of that defense by the weight of the evidence, that is, there must be no doubt in your mind as to the defendant believing, at the time he fired the shot, that he was in danger of great bodily harm," where the charge generally shows that the instruction could have done defendant no harm.

*Appeals—Charge—Excerpts from charge—General exception.*

9. Excerpts from the charge not specially excepted to, will not as a rule be considered on appeal under a general exception to the charge.

Argued January 3, 1923. Appeal, No. 8, Oct. T., 1923, by defendant, from judgment of O. & T. Lawrence Co., March T., 1922, No. 1, on verdict of manslaughter, in case of Commonwealth v. Lewis Weinberg. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder and voluntary manslaughter. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of manslaughter on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, were various instructions covered only by a general exception to the charge, quoting record.

*Thomas W. Dickey,* with him *Martin & Martin,* for appellant.—The verdict did not find defendant guilty as charged in the second count.

The law of self-defense is not limited to courageous persons nor does the law require that the jury must be without doubt as to defendant believing he was in danger of his life or of great bodily harm: Logue v. Com., 38 Pa. 265; Tiffany v. Com., 121 Pa. 165; Com. v. Palmer, 222 Pa. 299; Coyle v. Com., 100 Pa. 573; Meyers v. Com., 83 Pa. 131.

*Jas. A. Chambers,* with him *R. L. Hildebrand,* for appellee.—The indictment contained two counts, one for murder, one for voluntary manslaughter. The jury found defendant guilty of manslaughter. This was in effect finding him guilty of voluntary manslaughter: Com. v. Gable, 7 S. & R. 423; Walters et al. v. Com., 44 Pa. 135; Com. v. Greevy, 75 Pa. Superior Ct. 116, 124.

The charge as to self-defense was proper: Com. v. Drum, 58 Pa. 9; Com. v. Paese, 220 Pa. 371; Com. v. Calhoun, 238 Pa. 474; Com. v. Palmer, 222 Pa. 299.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 29, 1923:

Lewis Weinberg appeals from a sentence on conviction of manslaughter.

On December 17, 1921, defendant, a constable in the City of New Castle, had a dispute with John Margel, which gave rise to a quarrel wherein the former shot and killed the latter. Appellant was indicted and tried for murder; he pleaded self-defense, but the following verdict was rendered: "We......find defendant...... guilty of manslaughter and recommend him to the mercy of the court." Appellant makes objection that there is "no distinction in the finding of the jury as between voluntary and involuntary manslaughter, and that the verdict is not on any count in the indictment." As to this ground of complaint, it is sufficient to say that,

since a person tried for murder cannot be found guilty of involuntary manslaughter, a conviction of manslaughter, on an indictment such as the one before us, must be considered as a finding of voluntary manslaughter: Com. v. Gable, 7 S. & R. 422, 424; see also Walters v. Com., 44 Pa. 135, 139, and Com. v. Greevy, 271 Pa. 95, 100.

The trial judge mentioned "involuntary manslaughter" to the extent of defining it in the early part of his charge; but, when doing so he merely followed the course set by Justice AGNEW in Com. v. Drum, 58 Pa. 9, 17. There was no evidence of involuntary manslaughter, and we do not see that its incidental mention could possibly have done defendant any harm.

In Com. v. Drum, supra, 18, the charge, often since approved, contains this language: "All homicide [committed with a deadly weapon under circumstances which indicate the assailant must have known death was likely to ensue] is presumed to be malicious, that is, murder of some degree, until the contrary appears in evidence; therefore the burden of reducing the crime from murder to manslaughter, where it is proved that the prisoner committed the deed, lies on him. He [the defendant] must show all the circumstances of alleviation or excuse upon which he relies to reduce his offense from murder to a milder kind of homicide, unless, indeed, where the facts already in evidence show it." In the present case, the court instructed accordingly, and we see no merit in the complaints concerning that part of the charge.

The trial judge when referring to the rule that to warrant killing in self-defense the evidence must show circumstances attending the act such as reasonably to create a belief of great and imminent danger, employed the phrase, "in the mind of a reasonable and ordinarily courageous man"; but, on the facts of the instant case, this constitutes no proper ground of complaint. The quality of defendant's courage was not made an issue, and the judge's instructions did not so present it; the

expression "ordinarily courageous man" was used in a most incidental way. No special objection to the use of this expression was entered at trial, and we feel that, since every man is presumed to possess ordinary courage, and there was nothing to show anything to the contrary so far as defendant is concerned, the part of the charge here brought in question could not have done him any harm.

Before taking up the third assignment of error, which is the only one requiring special consideration, we call attention to the fact that all of defendant's fifteen points for charge, except the last, asking for binding instructions, were affirmed by the trial judge; these requests are well drawn and cover the general law relevant to the case, particularly the rules governing the plea of self-defense. Moreover, the greater part of the charge gives elaborate consideration to the law of self-defense, and the trial judge repeatedly told the jury that, if they believed defendant had a reasonable and honest conviction, even though mistaken, that he was in imminent danger of losing his life or suffering great bodily harm at the hands of deceased, and he killed with that belief in his mind, the deed was justifiable, and defendant should be acquitted.

During the course of the charge, and in answers to requests, the jury were told that the burden of proving defendant guilty "never shifts but rests on the prosecution throughout," and "if from any or all the evidence taken together a reasonable doubt of defendant's guilt exists, or is raised, there should be an acquittal." At one point, however, the court said, "the defendant having set up......self-defense, which he claims justified him in taking the life of his assailant, you must be convinced of the truthfulness of that defense by the weight of the evidence," immediately adding, "that is, there must be no doubt in your mind as to the defendant believing, at the time he fired the shot, that he was in danger of great bodily harm." These instructions are complained of in

the third assignment, defendant contending that the words last quoted put too heavy a burden on him; whereas the Commonwealth, in reply, maintains that the instructions are in strict accord with the law as laid down in Com. v. Drum, supra, 22, where it is said: "As to whether a reasonable doubt shall establish the existence of...... self-defense, I take the law to be this: If there be a reasonable doubt that an offense has been committed by the prisoner, it operates to acquit, but if the evidence clearly establishes the killing by the prisoner purposely with a deadly weapon, an illegal homicide of some kind is established, and the burden then falls upon the prisoner and not on the Commonwealth to show that it was excusable as an act of self-defense. If, then, his evidence leaves his extenuation in *doubt* he cannot be acquitted of all crime, but must be convicted of homicide in some of its grades, of manslaughter at least": see also Com. v. Palmer, 222 Pa. 299, 300, and Ortwein v. Com., 76 Pa. 414, 423-5.

There is a long line of our decisions holding that, where an affirmative defense is set up in a criminal case, the accused must prove his defense by the fair preponderance of evidence, although he need not establish it beyond "all doubt" or beyond all "reasonable doubt"— that is to say, the "proof beyond a reasonable doubt" rule does not apply to an affirmative defense. These authorities hold that a doubt in the minds of the jurors as to the defense having been established is not a proper basis of acquittal (Com. v. Ross, 266 Pa. 580, 583; Com. v. Molten, 230 Pa. 399, 403-6; Com. v. Palmer, 222 Pa. 299, 302; Com. v. Gerade, 145 Pa. 289, 297-8; Meyers v. Com., 83 Pa. 131, 141; and, for interesting discussion on this point, see opinion in Com. v. Brown, 17 Pa. Dist. R. 89); but in certain cases it is also said that such a doubt "does not necessarily convict," for "there may be a doubt still existing in the mind yet the actual weight [of the evidence] be with the prisoner": Com. v. Lee, 226 Pa. 283, 286; for same thought, see also Com. v. Andrews, 234

Pa. 597, 604; Com. v. Molten, supra, 403; Meyers v. Com., supra, 141-2.

Albeit perhaps seemingly contradictory, the above statements are explainable on the theory that, since a fair preponderance of evidence is enough to tip the scales in favor of defendant, a verdict of acquittal may properly be rendered if the jury is reasonably satisfied that the weight of the evidence, taken as a whole, favors the defense set up by the accused, even though there is some doubt as to such defense being established; on the other hand, the jurors ought not to .acquit merely *because* there is a doubt in their minds as to whether the defense has been made out. In a word, the jury may properly acquit if it feels the weight of the evidence favors defendant, *in spite* of a lingering doubt as to whether his defense is established; but it is not required to, and should not, acquit merely *because* of a doubt on that point.

The instructions now before us are clearly sustained by certain of the above cases, though, at first glance, they may appear to conflict with what is said in others. When we read the charge carefully, however, it will be seen that the words now objected to are used as explanatory of what the judge meant by the word "convinced," which precedes them. The thought the judge desired to convey evidently was this: when the jurors came to consider defendant's plea, they had to be convinced by the weight of the evidence of the truthfulness of the defense so far as it concerned defendant's belief that, at the time he fired the shot, he was in danger of great bodily harm, and that, if there was a doubt in their minds, as to this, such doubt tended to show they were not convinced. There is not a word said at this point in the charge to indicate any specific measure of belief as essential to an acquittal; on the contrary, the excerpt now complained of occurs at a place where the trial judge was telling the jury the manner in which they should consider the evidence, not where he was directing them as to the result of such considerations. This being the fact, even

though the instructions in question may lack in explicitness, we are not convinced they contain misstatements of law harmful to appellant, without which he is not in a position to complain under his general exception to the charge, that being the only exception going to the matter under discussion.

Finally, after reading the evidence, we feel that substantial justice was done defendant; for, on the proofs presented, he might have been convicted of murder in one of its degrees. While none of the assignments is in proper form, we have considered all and find no merit in any of them.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.