# Commonwealth *v.* Arcuroso, Appellant.

*Criminal law—Murder—Remarks of district attorney—New trial —Self-defense—Highway robbery—Appeal—Review.*

1. A new trial in a murder case will not be granted because of alleged improper remarks of the district attorney, where the latter alleges that he was misquoted, and it appears that defendant made no attempt to have the correctness of the remarks passed upon by the court, did not move to withdraw a juror, and did not request the court to instruct the jury to disregard the objectionable lan · guage.

2. Where defendant in a murder case sets up self-defense while he was being attacked by the deceased in an alleged highway robbery, and the court has fully instructed the jury as to the law of self-defense, defendant cannot complain of the refusal of the court to charge that the act of defendant was justified, regardless of the question of self-defense, and especially so, if it appears that the evidence in support of the alleged robbery was meager and palpably false.

*Criminal law—Murder—Pleadings—Indictment including murder and voluntary manslaughter.*

3. Murder and voluntary manslaughter may be included in the same indictment.

4. Under an indictment charging murder, defendant may be convicted of voluntary manslaughter, and a conviction of the latter crime will be sustained though it may clearly appear from the evidence that defendant was in fact guilty of a higher grade.

Argued March 16, 1925. Appeal, No. 63, March T., 1925, by defendant, from judgment of O. & T. Allegheny Co., June T., 1924, No. 77, on verdict of guilty of voluntary manslaughter, in case of Commonwealth v. Guiseppe Arcuroso. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder.  Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of voluntary manslaughter on which sentence of imprisonment of from six to twelve years was passed.  Defendant appealed.

*Errors assigned* were (1) sentence, quoting it, and (2) refusal of new trial, referring to record by pages.

*Franklin A. Ammon,* for appellant.

*Andrew T. Park,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY MR. JUSTICE FRAZER, April 13, 1925:

Defendant was indicted for murder and voluntary manslaughter and convicted of the latter offense.  Motion for a new trial was made and dismissed by the court below and sentence imposed; defendant appealed.

Appellant and several others were standing on a public street corner in the City of Clairton, Allegheny County, April 20, 1924, Easter Sunday, about 9:30 in the evening when deceased with his wife and four-year-old child and two friends were passing by on their way home from church.  The testimony as to what occurred at that time is quite conflicting except that which relates to deceased and his party returning from church, which is uncontradicted.  The evidence for the Commonwealth was to the effect that as deceased and those accompanying him reached the place where defendant and his companions were standing, one of the latter, either accidentally or by design, fell or bumped against deceased and his wife.  A slight altercation ensued, whereupon defendant, without warning, drew a revolver from his pocket and fired a number of shots, one of which struck and killed deceased.  Defendant was arrested later, after having been shot by an officer, while resisting arrest.

Defendant claims to have acted in self-defense and in support of this contention testified he was standing peaceably in the street when deceased and his companions approached, one of whom pushed him, and the others attacked him, one attempting to cut him with a knife, while another made an effort to rob him of his watch, whereupon he fired the shots in the air for the purpose of frightening his assailants, and that one of the shots struck deceased, accidentally. The issue of facts thus raised was clearly for the jury and the evidence offered on behalf of the Commonwealth was ample to sustain their verdict. It is necessary, therefore, to consider only alleged errors occurring during the trial.

Complaint is made of remarks of the district attorney in the course of his address to the jury reflecting on defendant in such manner as to prejudice and inflame their minds against him. At the close of the district attorney's argument, counsel for defendant asked an exception to seven different statements made by the prosecuting officer which counsel had taken down. The chief ground of complaint was reference to defendant as a "murderer" and a "killer" and stating that either defendant or one of his witnesses had lied in his testimony. The district attorney asserted he was incorrectly quoted by counsel for defendant, and no effort was made by defendant to have the correctness of the alleged remarks passed on by the court. Counsel for defendant evidently was of opinion the remarks were not seriously prejudicial to his client as no motion to withdraw a juror was presented nor did he request the trial judge to instruct the jury to disregard the objectionable language. Assuming the statements were made as alleged, while they showed an unnecessary zeal on the part of the district attorney, for which he should have been rebuked by the court, we do not feel disposed to say, in view of all the circumstances, that the court below abused its discretion in refusing to grant a new trial. The words used evidently did not improperly influence the jury, as

the evidence given by the Commonwealth was ample to support a conviction for a much more serious offense.

Defendant also complains of the refusal of the trial judge to instruct the jury that if they believed a highway robbery had been attempted or perpetrated by deceased, assisted by others with deadly weapons in the hands of at least one or more of them, then the act of firing the shot by defendant was justifiable, regardless of the question of self-defense. The trial judge had fully instructed the jury as to the law of self-defense, which defendant relied on, stating that, if such defense were established, defendant would be entitled to an acquittal. While the court should have complied with this request, its refusal, under the circumstances, is not sufficient cause for reversal. The credible evidence of attempted robbery on the part of deceased and his companions was so meager that the court below in its opinion refusing a new trial (written by the judge who tried the case) referred to it as "so palpably false that it could not be seriously considered."

Defendant also argues that it was error to permit the joinder of an indictment for voluntary manslaughter with an indictment for murder. It has long been settled law of this Commonwealth, following the common law rule, that, where an indictment charges an offense which includes within its description another offense of lower grade or degree, the jury may find the accused guilty of the less offense; this rule is universally applied in criminal cases, and, under an indictment charging murder, defendant may be convicted of voluntary manslaughter and a conviction for the latter crime will be sustained though it may clearly appear from the evidence that defendant was in fact guilty of a higher grade: Com. v. Kellyon, 278 Pa. 59, and cases there cited. It was therefore proper practice to include in the indictment for murder a count covering the crime of voluntary manslaughter.

The contention that the trial judge gave erroneous instructions on the law of self-defense is also without merit. The jurors were fully instructed under what circumstances the killing would be held justifiable and were told that if this defense were established, defendant was not guilty of either of the offenses charged in the indictment. The dividing line between self-defense and voluntary manslaughter was carefully pointed out, and the burden of proof resting on the Commonwealth and defendant correctly stated.

The judgment is affirmed.