## Commonwealth, Appellant, *v.* Frazier.

Argued November 9, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Joseph M. Smith*, Assistant District Attorney, with him *Gordon Gelfond* and *William F. Killeen*, Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellant.

*Lewis Tanner Moore*, with him *Harold L. Randolph*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 17, 1966:

This is an appeal by the Commonwealth from the Order of the Court of Oyer and Terminer of Philadel-

phia County, which sustained defendant's demurrer to the Commonwealth's evidence.

Defendant was indicted in 1961 for the murder of his wife. At that time he was also indicted, on a separate bill of indictment, for voluntary and involuntary manslaughter. On July 9, 1962, defendant was brought to trial only on the bill charging murder. The Commonwealth's evidence, if believed, proved that defendant was guilty of first degree murder. Defendant's defense was that his wife committed suicide. There was no evidence, either by the Commonwealth or by the defendant, of passion or provocation. Nevertheless, the jury returned a verdict of voluntary manslaughter on, we repeat, the bill of indictment charging murder—a verdict permitted *even under such evidence* by many decisions of this Court: *Commonwealth v. Frazier,* 411 Pa. 195, 191 A. 2d 369; *Commonwealth v. Nelson,* 396 Pa. 359, 152 A. 2d 913; *Commonwealth v. Steele,* 362 Pa. 427, 66 A. 2d 825. Astonishingly, defendant was not tried, we repeat, and no verdict was returned on the voluntary manslaughter indictment. Defendant was sentenced on the murder bill to a term of not less than 2½ nor more than 5 years in the State Correctional Institution. Defendant thereupon appealed to this Court. On June 4, 1963, this Court reversed the judgment of sentence, on the ground that the lower Court committed prejudicial error in its charge to the jury, and ordered a new trial.

Defendant was again brought to trial on June 21, 1965, but this time he was tried only for voluntary manslaughter, since his prior conviction of voluntary manslaughter on the murder indictment operated in law as an acquittal of the charge of murder. *Commonwealth v. Deitrick,* 221 Pa. 7, 70 Atl. 275; *Commonwealth v. Flax,* 331 Pa. 145, 157, 200 Atl. 632; *Commonwealth v. Gabor,* 209 Pa. 201, 58 Atl. 278.

In *Commonwealth v. Gabor*, 209 Pa., supra, the Court pertinently said (page 205) : "In the present case the indictment was for murder, but the verdict was guilty of manslaughter. Under the decisions in this state the verdict of manslaughter was so far an acquittal of murder that the appellant cannot now be found guilty on that indictment of any higher grade than manslaughter."

In *Commonwealth v. Flax*, 331 Pa., supra, defendant was convicted of murder in the second degree. The Court in this Opinion pertinently said (page 157) : "When a new trial is had on this murder indictment the defendant cannot, of course, be tried for murder in the first degree. The verdict of the jury in the trial now being reviewed was equivalent to defendant's acquittal of that crime. See Com. v. Deitrick, 221 Pa. 7, 70 A. 275."

At the present trial, the same evidence of killing his wife without passion or legally adequate provocation was presented by the Commonwealth exactly as it was presented at the first trial. With respect to this evidence, we said in *Commonwealth v. Frazier*, 411 Pa., supra (page 202) : "While in view of the evidence, the verdict of voluntary manslaughter is difficult to understand, such a verdict is strictly within the jury's prerogative, and may be returned even in the absence of evidence of sufficient provocation and passion if the evidence as a whole is sufficient to warrant the defendant's conviction of murder: Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825 (1949), and Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913 (1959)."

At this (Frazier's second) trial, defendant demurred to the Commonwealth's evidence on the ground that the evidence, if believed, amounted to and proved murder, but did not prove passion or legally adequate provocation, which are necessary ingredients of voluntary manslaughter. *Commonwealth v. Nelson*, 396 Pa.

359, 363-364, 152 A. 2d 913; *Commonwealth v. Donough,* 377 Pa. 46, 52, 103 A. 2d 694; *Commonwealth v. Root,* 403 Pa. 571, 582, 170 A. 2d 310. The lower Court, we repeat, agreed with defendant's contention and sustained defendant's demurrer.

It would seem anomalous, strange and very unfair to Society to hold that a defendant indicted for murder could be convicted by a jury of voluntary manslaughter when there was ample evidence of murder but no evidence of passion; but on his retrial for voluntary manslaughter could not be convicted (by a jury) of voluntary manslaughter when exactly the same evidence was produced in the second trial as was produced in the first trial.

While this is a question of first impression in Pennsylvania, the Law is not and should not be so foolish as to unqualifiedly release and free without acquittal by a jury, a person indicted for homicidal manslaughter whom the evidence proved was guilty of murder. The Law was originally established to punish—severely and barbarously punish—persons who committed even small crimes. However, over the centuries the Law has developed and congealed, although not consistently or at times logically, along wiser and more humane lines. It is too often forgotten today (1) that the Law was established and exists *principally* for the protection and security of Society and (2) that in order to accomplish this *principal objective,* dangerous criminals have to be sentenced to and confined in prison. This not only furnishes sorely needed protection to law-abiding citizens while the imprisonment lasts, but it also acts as a deterrent to prospective criminals. Gradually people came to realize that the accused was likewise entitled to protection, i.e., the protection of a fair trial, and more recently that Society has a duty to (attempt to) rehabilitate a criminal. It took, we repeat, many years —sometimes more than a century—of trial and error

and of experiment and experience and evolution for the law to thus develop and congeal. Furthermore, if an important public interest conflicts with an important private interest, the public interest must prevail. The practical result is that technical rules must not be adopted which will seriously impair or destroy the underlying and basic principle of the criminal law, i.e., the protection of Society.

To release without a trial and acquittal, this man whom the Commonwealth's evidence shows is a dangerous criminal would likely jeopardize the safety of law-abiding citizens and would make a mockery of the Law and of Justice.

The Order of the lower Court is reversed and a new trial is ordered on the bill of indictment charging voluntary manslaughter.

Mr. Justice EAGEN concurs in the result.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE JONES:

This appeal presents a question of first impression in this Court.

The factual background of this appeal is most important. Frazier was indicted on two bills of indictment: first, a bill which charged him with the murder of his wife and second, a two-count bill which charged him with (a) voluntary manslaughter in the felonious killing of his wife and (b) involuntary manslaughter in the unlawful killing of his wife.

In July 1962, Frazier was tried upon the bill of indictment which charged him with murder: after trial, the jury returned a verdict finding Frazier "guilty of voluntary manslaughter".[1] On appeal from the judgment of sentence on that charge, this Court (411 Pa.

---

[1] Such verdict was consonant with our law: *Commonwealth v. Comber*, 374 Pa. 570, 573, 97 A. 2d 343.

195, 191 A. 2d 369) reversed because of errors in the trial court's instructions to the jury.

In June 1965, Frazier was tried on the bill of indictment which charged him with voluntary manslaughter and involuntary manslaughter.[2] At the conclusion of the Commonwealth's case, Frazier's counsel demurred to the evidence and the court below sustained the demurrer. This appeal followed.

A review of the record indicates clearly that the evidence of the Commonwealth would support a charge of murder but not a charge of voluntary manslaughter. What the Commonwealth now urges, in effect, is that, even though Frazier has once been tried and acquitted of the charge of murder and, therefore, cannot be tried for murder again, yet the evidence of the Commonwealth, clearly showing commission of the greater crime of murder, will justify a finding of guilt of the lesser crime of voluntary manslaughter even though the elements of the lesser crime are evidentially absent.

The reasoning of the Commonwealth is based on our decisional law which holds that, where there is an indictment charging murder and manslaughter, there may be conviction of the latter offense even though the evidence establishes the former offense: *Commonwealth v. Gable*, 7 S. & R. 423; *Hilands v. Commonwealth*, 114 Pa. 372, 6 A. 267; *Commonwealth v. Weinberg*, 276 Pa. 255, 120 A. 406; *Commonwealth v. Kellyon*, 278 Pa. 59, 122 A. 166; *Commonwealth v. Steele*, 362 Pa. 427, 66 A. 2d 825; *Commonwealth v. Comber*, 374 Pa. 570, 97 A. 2d 343.[3] In *Commonwealth v. Arcuroso*, 283 Pa. 84,

---

[2] Frazier could no longer be tried for murder since his conviction of voluntary manslaughter operated as an acquittal of murder: *Commonwealth v. Deitrick*, 221 Pa. 7, 17, 70 A. 275; *Commonwealth v. Flax*, 331 Pa. 145, 157, 200 A. 632; *Green v. U. S.*, 355 U.S. 184, 192, 78 S. Ct. 221, 226.

[3] The factual postures in those cases differ from that in the instant appeal.

128 A. 668, the Court said: "It has long been settled law of this Commonwealth, following the common law rule, that, where an indictment charges an offense which includes within its description another offense of lower grade or degree, the jury may find the accused guilty of the less offense; this rule is universally applied in criminal cases, and, under an indictment charging murder, defendant may be convicted of voluntary manslaughter and a conviction for the latter crime will be sustained though it may clearly appear from the evidence that defendant was in fact guilty of a higher grade: [citing an authority]". (at p. 87)

However, in the case at bar, the bill of indictment does not charge murder; on the contrary, the bill of indictment charges voluntary and involuntary manslaughter. Under our law, in view of Frazier's trial on and acquittal of the charge of murder, Frazier could not be charged with and tried for murder. If the Commonwealth's position is correct, Frazier can be convicted of voluntary manslaughter not upon evidence which proves the elements necessary for a conviction of that crime but upon evidence which proves only the elements necessary for a conviction of murder, a crime for which he has been tried and acquitted. I cannot accept the concept that a person may be convicted of an unproven crime upon proof of another crime.

The majority opinion places great stress on the importance to society of sustaining a conviction under the instant circumstances. I yield to no one in my desire to protect society's interests and I firmly believe that in recent years too much importance has been placed upon the due process due the criminally accused and too little importance has been given to the due process due society.

Nevertheless, I believe the result reached by a majority establishes a bad precedent and I dissent from the enunciation of a rule of law which would sustain

the conviction of a person of a crime of which there is no proof.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The majority's conclusion permits a defendant to be tried and convicted for a crime that he did not commit on evidence of the commission of a crime for which he has already been acquitted. I can see the wisdom of giving a jury the power to find a defendant guilty of an offense which is less than and included in the offense charged in the indictment. That was established in common law and is the law presently sanctioned by a majority of the states. But that is only true when the offense that the jury finds the defendant guilty of is less than and included in the offense alleged in the indictment.

Here, the defendant is being tried for an offense of voluntary manslaughter—no other offense is charged and no other crime is included in that charged offense. The evidence produced at trial discloses that the defendant, if guilty of anything, was guilty of a higher crime than that charged against him in the indictment. It discloses that defendant might be guilty of murder in the first or second degree. But a jury has already acquitted him of that crime. Evidence of a crime for which he has been acquitted cannot be used to secure the conviction of a lesser crime when the elements of the lesser crime are not proven.

I cannot conceive that the Commonwealth is so greedy for a culprit that we must abandon the safeguards that have characterized our system of jurisprudence. No appeal to emotions by phrases such as "protection of society", "technical rules", "dangerous criminal", "mockery of law and justice", should deprive any accused of the right to know the nature of the crime with which he is charged and to require the evidence

218

upon which he is convicted to conform with the charged crime. To do so deprives him of his liberty without due process of law.

I agree wholeheartedly with the lower court. "There is not a scintilla of evidence in the record which could sustain . . . a conviction of voluntary manslaughter as defined by our appellate courts." Since defendant is not now on trial for a murder indictment but only on trial for voluntary manslaughter, the evidence produced must show the elements necessary to constitute the crime of voluntary manslaughter. Neither the Commonwealth nor the majority argues that the evidence produced meets that requirement. Hence, the action of the lower court must be sustained.

I dissent.