Commonwealth ex rel. Light, Appellant, *v.* Cavell.

Submitted January 4, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis N. Light,* appellant, in propria persona.

*Gerald R. Walmer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

On September 10, 1958, appellant, while represented by court appointed counsel, was convicted by jury of murder in the second degree and sentenced to a term

of imprisonment of 10 to 20 years. No post trial motions were filed and no appeal taken.

On January 14, 1965, the present petition for writ of habeas corpus was filed in the court below. Counsel was appointed and a hearing held on the petition. The court thereafter entered an order of denial, and this appeal followed.

Appellant raises numerous contentions in his petition and on his appeal from its denial. However, in light of our disposition, we deem it necessary to consider but one.

Appellant contends that court appointed counsel failed to appeal from the judgment of conviction or sentence, and that he was therefore deprived of his constitutional right to the assistance of counsel on appeal as set forth in the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and the decisions of this Court in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966); *Commonwealth ex rel. Branam v. Myers,* 420 Pa. 77, 216 A. 2d 89 (1966); *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966); and *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965).

In *Douglas v. California,* supra, it was held that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Since that decision, this Court has held that a necessary incident of that right is the assistance of counsel in the task of taking and perfecting such an appeal. *Commonwealth ex rel. Cunningham v. Maroney,* supra; *Commonwealth ex rel. Branam v. Myers,* supra; *Commonwealth ex rel. Robinson v. Myers,* supra; *Commonwealth ex rel. Stevens v. Myers,* supra.

Appellant, having been convicted of murder in the second degree, had an absolute right of appeal to this

Court. Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186. Such appeal, however, must be taken within the time prescribed by law, unless the failure to do so resulted from an unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Cunningham v. Maroney,* supra; *Commonwealth ex rel. Robinson v. Myers,* supra; *Commonwealth ex rel. Stevens v. Myers,* supra.

At the hearing below, appellant testified that although he had felt aggrieved by the verdict, he had not been informed of his right to appeal. This testimony was, in all essential parts, contradicted by the testimony of trial counsel. Counsel testified that he had discussed the possibility of appealing the verdict with appellant, and that the implications of seeking a new trial were explained to him. In his version, "Mr. Light seemed to be satisfied with the verdict and did not request that I go any farther [sic] on an appeal or motion for new trial."

On the basis of this testimony, the habeas corpus court found that appellant had acquiesced in the decision of counsel that no appeal be taken, and thus concluded that appellant's failure to appeal was not due to an unconstitutional deprivation of counsel but rather was based upon his own rational determination, after full consideration of the relevant factors, to forego appellate review.

We are unable to agree with this conclusion. In our view, even if trial counsel's testimony be taken in the light most favorable to the Commonwealth, it will not support a finding that appellant's acquiescence constituted an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938).

Appellant had been tried on an indictment charging him with murder. He was convicted of murder in the second degree. The rule in this Commonwealth is

that appellant's conviction of the crime of the lower degree operated as an acquittal of the crime of murder in the first degree. *Commonwealth v. Deitrick,* 221 Pa. 7, 70 Atl. 275 (1908). Appellant, therefore, having been acquitted of the crime of murder in the first degree could not be forced to answer for that crime again, even if his conviction of the crime of murder in the second degree were successfully challenged on appeal and a new trial awarded. *Commonwealth v. Frazier,* 420 Pa. 209, 216 A. 2d 337 (1966); *Commonwealth v. Flax,* 331 Pa. 145, 200 Atl. 632 (1938); *Commonwealth v. Deitrick,* supra.

In the instant case, trial counsel testified at the habeas corpus hearing that in conferring with appellant following the verdict, he advised appellant that if he wanted to pursue an appeal, "the case would be tried over again, if he won, and there would be a possibility of a First Degree [sic] on the second time . . . ." By suggesting that appellant could only exercise his right to appellate review at the cost of again placing his life in jeopardy, counsel interjected into appellant's determination a factor which precludes a finding that the decision to forego the assistance of counsel in pursuing an appeal was an intelligent waiver of that right. We can only conclude, in the face of this testimony, that appellant's acquiescence in counsel's recommendation not to appeal was based upon an inadequate appreciation of the consequences of such action. Cf. *Commonwealth ex rel. Cunningham v. Maroney,* supra. Appellant's acquiescence being insufficient to support the conclusion that he waived his right to the assistance of counsel in the task of taking and perfecting an appeal, we may not presently preclude him from exercising that right, and the concomitant right to appellate review of his conviction even though not timely pursued. See *Commonwealth ex rel. Branam v. Myers,* supra; *Commonwealth ex rel. Robinson v. Myers,* su-

pra; *Commonwealth ex rel. Stevens v. Myers,* supra; cf. *Commonwealth ex rel. Cunningham v. Maroney,* supra*

Accordingly, the order of the court below must be reversed and the record remanded with directions to enter an order consistent with this opinion and to transfer the record to the Court of Oyer and Terminer of Adams County. Upon such transfer, said Court shall appoint counsel for the purpose of filing and arguing post-trial motions and if necessary, prosecuting an appeal. In the event post-trial motions are denied, this Court will permit, upon motion of counsel, an appeal to be docketed as if timely filed and thereafter orally argued.

The order of the Court of Common Pleas of Adams County is reversed and the record remanded for proceedings consistent with this opinion.

Mr. Justice JONES and Mr. Justice EAGEN dissent.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

* While we recognize that the issue in the instant case might well have been framed in terms of competence of counsel, see *United States ex rel. Mitchell v. Follette,* 358 F. 2d 922, 925-27 (2d Cir. 1966), we are unable to permit the responsibility of the state to ensure that an indigent defendant be afforded his constitutional right to the assistance of counsel on appeal be avoided by reliance on the actions of appointed counsel. While "occasional shortcomings of counsel are a danger confronting all [criminal defendants]," *United States ex rel. Mitchell v. Follette,* supra at 925-26, in a case involving appointed counsel, the State's commitment is such that it must take steps to cure a critical misapprehension which operates to deny an indigent the important right of appellate review. Cf. *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966).