Commonwealth ex rel. Robinson, Appellant, v. Myers.

Submitted May 22, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harvey Robinson*, appellant, in propria persona.

*John F. Rauhauser, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 26, 1967:

Pursuant to our mandate in *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966), the Court of Common Pleas of York County held a hearing to determine whether or not Robinson's failure to perfect an appeal within the time allowed by law resulted from an unconstitutional deprivation of the assistance of counsel. See *Douglas v. California,* 372

U.S. 353, 83 S. Ct. 814 (1963) ; *Commonwealth ex rel. Robinson v. Myers,* supra. Following this hearing, the court below concluded that there had not been any constitutional deprivation because Robinson had knowingly and intelligently waived his right to appeal. If this conclusion is correct, Robinson's present appeal from that order must be affirmed. See, e.g., *Commonwealth v. Wallace,* 427 Pa. 110, 233 A. 2d 218 (1967) (filed today) ; *Commonwealth ex rel. Stevens v. Myers,* 424 Pa. 377, 227 A. 2d 649 (1967) ; *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965). However, in so ruling the court below seemingly failed to consider our decisions in *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A. 2d 883 (1966) and *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966), where under circumstances identical to those which confronted Robinson, we held that appellants Light and Cunningham had not waived their right to appeal. Accordingly, Robinson's appeal must be sustained and the order of the court below reversed.

Harvey Robinson's present incarceration results from his having been convicted in May 1963 of voluntary manslaughter in connection with the slaying of Marlene Perez. Initially arrested in December 1962, appellant was subsequently indicted and charged with murder. At his trial, where he was represented by court appointed counsel, he entered a plea of not guilty. Immediately following the jury's verdict, appellant was sentenced to imprisonment for a term of 6 to 12 years, the maximum sentence under the statute. No post-trial motions were filed on his behalf nor was an appeal taken, but a subsequent habeas corpus petition resulted in the *Douglas* hearing, which forms the basis of this appeal. *Commonwealth ex rel. Robinson v. Myers,* supra.

At the *Douglas* hearing appellant and his two court-appointed trial counsel testified. In our view, even when viewed in the light most favorable to the Commonwealth, the facts developed at the hearing will not support a finding that appellant's failure to prosecute an appeal is the result of an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938); see *Commonwealth ex rel. Cunningham v. Maroney,* supra.

While it is undisputed that prior to trial, counsel informed Robinson of his right to appeal any adverse verdict, it is not clear whether the possibility of filing an appeal was actually discussed during the short interval between the verdict and sentence. Robinson maintains he expressed a desire to appeal, but his counsel denies this, not on the basis of a firm recollection, but rather because he is certain that if this had occurred he would have prosecuted an appeal. However, even if we were to accept counsel's recollection (but see *Commonwealth ex rel. Fairman v. Cavell,* 423 Pa. 138, 142, 222 A. 2d 722, 724 (1966)) this would not alter the court's obligation to make certain that the decision to forego appellate review was Robinson's own considered choice. See *Commonwealth ex rel. Fink v. Rundle,* 423 Pa. 133, 222 A. 2d 717 (1966); cf. *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966). This is especially so since at the time of sentencing, counsel himself informed the court: "May it please the court, I am prepared to have sentence imposed now. However, the defendant himself still feels he has not done anything he should be punished for. I feel it incumbent upon me to state this fact and make it part of the record. In spite of what the defendant has stated to me, I have stated to him in my professional opinion it was a fair verdict. Should he desire to have anyone question this, I will state this

also for the record." By proceeding on the assumption that appellant, despite this attitude of counsel, had to vigorously assert his desire to appeal or suffer a waiver, the court below erred. *Commonwealth ex rel. Cunningham v. Maroney,* supra; see *Commonwealth ex rel. Newsome v. Myers,* supra.

Moreover, it is also undisputed that both of appellant's trial counsel were elated with the verdict and actively discouraged him from appealing. Although appellant received the maximum penalty for voluntary manslaughter, their advice they testified was based upon a fear that, if successful, he might not fare as well at a retrial, and at least one of them actually warned that if retried he could be convicted of murder in the first degree. In *Commonwealth ex rel. Light v. Cavell,* 422 Pa. at 218-19, 220 A. 2d at 884-85, we held, under identical circumstances, there was not an effective waiver of the right to appeal: "Appellant had been tried on an indictment charging him with murder. He was convicted of murder in the second degree. The rule in this Commonwealth is that appellant's conviction of the crime of the lower degree operated as an acquittal of the crime of murder in the first degree. Commonwealth v. Deitrick, 221 Pa. 7, 70 Atl. 275 (1908). Appellant, therefore, having been acquitted of the crime of murder in the first degree could not be forced to answer for that crime again, even if his conviction of the crime of murder in the second degree were successfully challenged on appeal and a new trial awarded. Commonwealth v. Frazier, 420 Pa. 209, 216 A. 2d 337 (1966) ; Commonwealth v. Flax, 331 Pa. 145, 200 Atl. 632 (1938) ; Commonwealth v. Deitrick, supra.

"In the instant case, trial counsel testified at the habeas corpus hearing that in conferring with appellant following the verdict, he advised appellant that if he wanted to pursue an appeal, 'the case would be tried over again, if he won, and there would be a possibility of a First Degree [sic] on the second time . . . .'

By suggesting that appellant could only exercise his right to appellate review at the cost of again placing his life in jeopardy, counsel interjected into appellant's determination a factor which precludes a finding that the decision to forego the assistance of counsel in pursuing an appeal was an intelligent waiver of that right. We can only conclude, in the face of this testimony, that appellant's acquiescence in counsel's recommendation not to appeal was based upon an inadequate appreciation of the consequences of such action. Cf. Commonwealth ex rel. Cunningham v. Maroney, supra. Appellant's acquiescence being insufficient to support the conclusion that he waived his right to the assistance of counsel in the task of taking and perfecting an appeal, we may not presently preclude him from exercising that right, and the concomitant right to appellate review of his conviction even though not timely pursued."

Although Light was convicted of murder in the second degree the same principles apply to Robinson's manslaughter conviction. *Commonwealth v. Frazier,* supra at 211, 216 A. 2d at 338; *Commonwealth v. Deitrick,* supra. Compare *United States ex rel. Hetenyi v. Wilkins,* 348 F. 2d 844 (2d Cir. 1965).

Therefore, the order of the court below must be reversed and the record remanded with directions to enter an order consistent with this opinion and to transfer the record to the Court of Oyer and Terminer of York County. Upon such transfer, said court shall appoint counsel for the purpose of filing post-trial motions and, if necessary, prosecuting an appeal. In the event post-trial motions are denied, this Court will permit, upon motion of counsel, an appeal to be docketed as if timely filed and thereafter orally argued.

Order reversed and record remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.