480 A.2d 1205

**COMMONWEALTH of Pennsylvania**

v.

**George BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed Aug. 3, 1984.

John M. McAllister, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by George Bradley, appellant, from an order of the Court of Common Pleas of Philadelphia County which dismissed without a hearing appellant's second petition for relief under the Post-Conviction Hearing Act on May 19, 1982.

Appellant was convicted on May 26, 1969, of murder in the first degree and took a direct appeal to the Pennsylvania Supreme Court, which affirmed the conviction but vacated the sentence of death and ordered life imprisonment. *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842 (1972). On March 26, 1974, appellant petitioned *pro se* for post-conviction relief under the Post-Conviction Hearing Act,[1] which petition was dismissed without appointment of counsel. On February 28, 1977, upon appeal to the Supreme Court, the order dismissing appellant's PCHA petition was reversed, and the case was remanded for appointment of counsel. *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977). After appointment of counsel, on June 7, 1977, appellant filed an amended petition under the PCHA which alleged, *inter alia*, that the trial court erred in failing to charge the jury that it could return a verdict of guilty of voluntary manslaughter and that trial counsel was ineffective in failing to object to the trial judge's charge to the jury which allegedly precluded the jury from returning a verdict of voluntary manslaughter. The trial judge, finding those issues to have been waived, denied the petition for relief; however, his opinion does reach the merits of the underlying claim. The Pennsylvania Supreme Court there-

1. Act of May 13, 1982, P.L. 417, No. 122, § 2, 42 Pa.C.S.A. § 9541, *et seq.* (hereafter PCHA).

after affirmed.[2] *Commonwealth v. Bradley*, 485 Pa. 230, 401 A.2d 744 (1979). On July 16, 1979, appellant filed the petition for relief under the PCHA which is the subject of this appeal. In his petition, appellant alleged that all prior counsel were ineffective in failing to preserve the claim that the trial judge erred in failing to instruct the jury on voluntary manslaughter and, indeed, that the trial judge's instructions precluded the jury from such a finding. This petition was denied without a hearing,[3] and this appeal followed. We affirm.

On appeal, appellant urges that the trial court erred in summarily dismissing his PCHA petition, where the issue of counsel's ineffectiveness was properly presented, and, thus, a waiver was precluded. By couching his argument "Each of Petitioner's previous court-appointed attorneys failed to render effective assistance of cousel [sic] which would have preserved the issue of trial counsel's effectiveness for review", appellant has properly preserved the underlying issue in the context of ineffectiveness of counsel. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Since denial of appellant's first PCHA petition resulted in affirmance by the Pennsylvania Supreme Court solely on the basis of waiver, appellant has not had an opportunity to appeal the merits of his claim.

2. The lower court judge states that the Supreme Court affirmance of his dismissal of the first PCHA petition implies that the disposition of the merits of appellant's contentions was "affirmed *sub silentio*" (Opinion Blake J. at 3). It is to be noted that on appeal, appellant phrased his contention properly in terms of ineffectiveness of all prior counsel. Since in his petition before the PCHA court, he had limited his claim solely to ineffectiveness of trial counsel, the Supreme Court deemed that issue *waived* because it had not been presented as such to the PCHA court. The Court did not deal with the claim on its merits.

3. The lower court judge stated "As we have already addressed these issues and denied them once, we hereby deny the petition without a hearing" (Opinion Blake, J. May 19, 1982, at 3). Indeed, as we noted *infra.*, the record does indicate that Judge Blake's opinion disposing of the first PCHA petition reached the contention on its merits.

On December 15, 1967, appellant, along with two other men, entered a bar in Philadelphia. The owner and a patron were in the bar at this time. Upon entry, appellant drew a pistol, while his accomplices shouted "This is a stick-up." (T. 498). One of appellant's cohorts threw the patron, who was an old man, to the floor, knocking him unconscious, and the other grabbed the owner, hurled him to the floor and screamed, "Move, mother fucker, and I'll kill you". (T. 499). Appellant relinquished his gun to one of his companions while he removed the money from the cash register and a cigar box used for charitable contributions. He also grabbed two bottles of liquor. The owner, who was relegated to the floor, was shot to death at close range. The trio fled the bar, and appellant was arrested on December 19, 1967. Appellant was tried by a jury on charges of murder of the first and second degree and aggravated robbery. The court charged, *inter alia,*

"Now, members of the jury, one of the sub-divisions of the crime of murder in Pennsylvania is voluntary manslaughter. It is my opinion, and I charge you now, that it is my opinion that the offense of voluntary manslaughter is not involved in this case at all. I instruct you, therefore, under the circumstances, that I do not believe voluntary manslaughter is not in any wise applicable to this case." (T. 699)

Since counsel cannot be held ineffective for failing to foresee future developments in the law, *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977), and since subsequent counsel cannot be faulted for failing to preserve an objection which had no probability of success, *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977), we must direct our inquiry initially to the state of the law at the time of trial. In determining whether counsel at any stage of the proceedings was ineffective, we must first evaluate whether counsel's omissions would have been of arguable merit had they been raised. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

At first blush, appellant's contentions seemingly have arguable merit. At the time of trial, the law was firmly entrenched that the jury always has the power, under a murder indictment, to return a verdict of voluntary manslaughter, although the classical requirements of the crime of manslaughter are absent. *Commonwealth v. Hill*, 444 Pa. 323, 281 A.2d 859 (1971), *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A.2d 726 (1970), *Commonwealth v. Harry*, 437 Pa. 532, 264 A.2d 402 (1970), *Commonwealth v. Cooney*, 431 Pa. 153, 244 A.2d 651 (1968), *Commonwealth v. Frazier*, 420 Pa. 209, 216 A.2d 337 (1966), *Commonwealth v. Frazier*, 411 Pa. 195, 191 A.2d 369 (1963). "Not only was the jury empowered to return a verdict of voluntary manslaughter under a murder indictment where the evidence suggested the presence of provocation and passion but also the power existed where these elements are absent." *Commonwealth v. Jones*, 457 Pa. 563, 572, 319 A.2d 142, 147, *cert. denied* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). *Jones* involved an appeal questioning the rule which permitted the trial court *to refuse* a charge of voluntary manslaughter under a murder indictment *where the evidence did not provide a basis for finding passion or legal provocation,* and the court overruled *Commonwealth v. Morrison*, 266 Pa. 223, 109 A. 878 (1920) holding that

"By decisional law we have continued to embrace the common law concept that the jury could also find voluntary manslaughter under facts justifying a finding of murder in the absence of provocation and passion. It is beyond dispute that the jury must be informed of its power to determine the degree of murder in all cases. Consistency would suggest that the same rule should be employed as to the power to decide between murder and voluntary manslaughter." *Id.,* 457 Pa. 573, 319 A.2d at 148.

*Jones* announced a rule applicable to trials which commenced after the date of that decision. *Commonwealth v. Covil*, 474 Pa. 375, 379, 378 A.2d 841, 843 (1977). *Commonwealth v. Cain*, 471 Pa. 140, 369 A.2d 1234 (1977). It is

a benchmark, however, for our inquiry because it confirms the long-held rule that upon an indictment for murder, a jury may "... return a verdict of guilty of voluntary manslaughter, notwithstanding that it is irrational to return any verdict other than either acquittal or guilty of some degree of murder, if the evidence would have been sufficient to support a conviction of some degree of murder." *Commonwealth v. Moore*, 463 Pa. 317, 326 n. 7, 344 A.2d 850, 855 n. 7 (1975) (Justice Roberts concurring). *Jones* cleared up an unfortunate anomaly in the law. Prior to that decision, it was permissible for a jury to find voluntary manslaughter even if such a verdict was irrational, but it was not necessary for the judge to advise the jury of the power it possessed. "... [F]actors which do not comport strictly with jurisprudential doctrine may cause a jury to refuse to find a criminal defendant guilty of the extreme crime of murder, but to be willing to find him guilty of a lower degree of homicide." *Commonwealth v. Hoffman, supra*, 439 Pa. at 359, 266 A.2d at 732 (1970). One major reason for allowing such a verdict is to empower the jury to extend mercy. *Commonwealth v. Hoffman, supra.* The other reason is to prevent the prosecution from failing when some element of the crime of murder is not made. *Commonwealth v. Frazier*, 420 Pa. 209, 216 A.2d 337 (1966).

Of late, "recent decisions of this court have indicated an erosion of the rule expressed in *Commonwealth v. Jones* ... and a recognition, although belated, that permitting the jury to consider a verdict where no evidence exists to support it invites arbitrariness." *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 72, 454 A.2d 937, 966 (1982), *Commonwealth v. Carter*, 502 Pa. 433, 466 A.2d 1328 (1983), *Commonwealth v. Tabron*, 502 Pa. 154, 465 A.2d 637 (1983). Indeed, in *Hopper v. Evans*, 456 U.S. 605, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982), the Court stated:

"[D]ue process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction. The jury's discretion is thus chan-

neled so that it may convict a defendant of any crime fairly supported by the evidence."

In assessing counsels' ineffectiveness, we are constrained to follow the law as defense counsel knew it at the time of trial. *Commonwealth v. Triplett, supra.* In May of 1969, "[f]ew propositions [were] better established in the criminal law than the doctrine that where the evidence would be sufficient to support a conviction of murder, the return of a verdict of voluntary manslaughter is strictly within the jury's prerogative even in the absence of provocation and passion." *Commonwealth v. Hoffman, supra,* 439 Pa. 356–357, 266 A.2d at 731. Therefore, there could be no reasonable basis for trial counsel's failure to object to a charge which precluded a verdict of voluntary manslaughter and appellate and PCHA counsel's failure to preserve such an objection.

Even though of seemingly arguable merit, and notwithstanding our failing to discern any reasonable basis for counsel's failure to request such a charge,[4] a claim of ineffectiveness cannot be sustained where there is no prejudice to appellant. *Commonwealth v. Knox,* 304 Pa.Super. 368, 450 A.2d 725 (1982). Since any rule mandating that the trial judge inform the jury that they may find voluntary manslaughter or any rule precluding him from failing to do so upon request is based upon the jury's mercy-dispensing function, it is obvious that had the members of the jury been sympathetic to appellant's plight, they would have returned a verdict of guilty of murder in the second degree.

"It is clear in this case that appellant did not suffer prejudice from the refusal of such an instruction in view of the jury's decision to ignore their right to return a verdict of second degree. There is not the slightest reason to believe that the jury would have returned a verdict of voluntary manslaughter out of sympathy or in

4. The Commonwealth alleges that trial counsel had a reasonable basis in view of his attempt to "orient[ ] the jury toward a verdict of not guilty" (Commonwealth Brief at 13). In light of the overwhelming evidence of guilt presented and in view of our decision, we need not entertain this theory.

recognition of factors that they may have deemed mitigating where these factors were not sufficiently compelling to cause them to elect the lesser alternative that was offered."

*Commonwealth v. Jones, supra,* 457 Pa. at 574, 319 A.2d at 148. *(See also Commonwealth v. Carter, supra,* where the court stated "In *Jones* the defendant was not prejudiced by the trial court's refusal to charge on voluntary manslaughter because the jury, although instructed on second degree murder, elected not to return a verdict on that lesser alternative." *Id.,* 502 Pa. at 441–442 n. 9, 466 A.2d at 1332 n. 9.)[5]

■ Appellant is entitled to a hearing on his petition if it alleges facts that, if proven, would entitle him to relief. *Commonwealth v. Murray,* 315 Pa.Super. 417, 462 A.2d 264 (1983). However, it is manifest that appellant was not prejudiced by the trial judge's charge, and we decline the opportunity to remand for an evidentiary hearing. *Commonwealth v. Courts,* 315 Pa.Super. 108, 461 A.2d 820 (1983).

Order affirmed.

**5.** Their lack of sympathy seems apparent in view of their imposition of the death sentence.