## Commonwealth v. Settles

*Jeffrey A. Pribanic, assistant district attorney,* for the Commonwealth.

*Nancy Duffield Vernon,* for defendant.

SOLOMON, *J.,* October 30, 1991—Before the court is the motion of the defendant, Beth Ann Settles, for a new trial and arrest of judgment. Following a trial by jury, the defendant was found guilty of theft by deception. By this motion, the defendant challenges the conviction on the basis that she was acquitted of a bad check charge surrounding the same facts and circumstances on an earlier occasion, in front of the same magistrate.

## STATEMENT OF THE CASE

On January 12, 1988, the defendant appeared before the district magistrate on a charge of writing a bad check. The charge allegedly revolved around a purchase of $90.11 worth of retail merchandise at Gabriel's Department Store, South Union Township, Fayette County, Pennsylvania. The defendant maintained that her checkbook had been stolen and apparently used by someone else to pay for the merchandise. At the hearing, the cashier could not identify the defendant as the person who gave her the check. All she could testify to was that the person who gave her the check resembled the photo I.D. offered by that person. Based on that testimony, the magistrate dismissed the charge.

Thereafter, charges of theft by deception were filed against the defendant, arising out of the same $90.11 worth of retail merchandise, which charges were approved by the magistrate. Although the facts pertaining to the actual or fraudulent acknowledgement by the defendant of the stolen checkbook remain unclear, it seems apparent that the District Attorney's Office relied

on statements of the defendant during her January 12, 1988, magisterial hearing, and that the assistant district attorney knew of the facts and circumstances of that hearing.

Based upon the circumstances of the reprosecution of the defendant for the more serious charge of theft by deception arising out of the same facts and circumstances which had led to her exoneration on the lesser bad check charge at the earlier proceeding, this court must, accordingly overturn the conviction and bar any future criminal action in this case. Thus, the guilty verdict rendered by the jury must be reversed.

## DISCUSSION

When a person is acquitted of a minor crime that constitutes a lesser included offense of a more serious crime, that person may not subsequently be prosecuted for the more serious crime. *Commonwealth v. Thatcher,* 364 Pa. 326, 71 A.2d 796 (1950). See also, *Commonwealth, ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966), *Commonwealth v. Frazier,* 420 Pa. 209, 216 A.2d 337 (1966). Any final order must necessarily bar any subsequent prosecution under those circumstances.

Under 18 Pa.C.S. §110, a person may not be tried and convicted of a crime when that crime is a constituent of another greater crime. This statue, which pertains to compulsory joinder, bars any subsequent prosecution when the former prosecution resulted in an acquittal and when:

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the first trial and was within the jurisdiction of a

single court unless the court ordered a separate trial of the charge of such offense." 18 Pa.C.S. §110(1)(ii).

In this case the bad check charge is a lesser included offense of theft by deception and both arose from the same conduct.

The subsequent prosecution for theft by deception is also barred by 18 Pa.C.S. §109(1) which bars a subsequent conviction because "[a] finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense...."

It is clear in this case that the charge of theft by deception was based on the same criminal episode—the purchase of $90.11 worth of merchandise at Gabriel's store with a bad check. All offenses relating to this conduct should have been addressed at the initial magistrate's hearing. Since they were not, and the bad check charge was dismissed, any further action on included charges arising from the same criminal episode was thereby extinguished.

The Supreme Court of Pennsylvania, in the case of *Commonwealth v. Campana,* 455 Pa. 622, 364 A.2d 854 (1974), addressed the issue of reprosecuting a defendant for an offense based on the same conduct or arising from the same criminal episode. In *Campana,* the court held such action to be invalid when, as here, the offense was known to the prosecuting officer at the time of the first proceeding. This position has been followed in a myriad of subsequent decisions. See *Commonwealth v. Webster,* 323 Pa. Super. 164, 470 A.2d 532 (1983); *Commonwealth v. Hyde,* 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981); Whether or not the incidents are part of a single episode depends on the facts of each and every case. *Commonwealth v. Flenory,* 354 Pa. Super. 27, 504 A.2d 1341 (1986).

Instantly, the fact that both the bad check charge and the theft by deception charge arose out of one particular instance is not disputed.

The rationale for compulsory joinder was concisely expressed in the case of *Commonwealth v. Tarver,* 467 Pa. 401 at 408, 357 A.2d 539 at 542 (1976) wherein our Supreme Court stated that:

"This rule of compulsory joinder [see 110] is intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to ensure finality without unduly burdening the judicial process by repetitious litigation."

Because of our decision to overturn the defendant's conviction on the basis of double jeopardy, all of the defendant's other motions are consequentially rendered moot.

## ORDER

And now, October 29, 1991, it is ordered that the guilty verdict entered is set aside and that this case is dismissed, with prejudice.