Commonwealth *v.* Gorley, Appellant.

Submitted March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard D. Winters* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

———

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

On March 9, 1970, a woman was accosted on the street and her wallet torn from her coat pocket. She pursued the robber and saw him run into a house. She then proceeded across the street and called the police, who arrived shortly. Furnished with a detailed description of the robber, the police went into the house and

knocked at a door on the second floor. The owner of the apartment allowed the officers to enter and they observed the appellant, who fit the description, sitting on a bed.

In a closet, within arms' reach of appellant, the officer observed a woman's wallet. On a sink in plain view was a woman's pocketbook. All four occupants of the apartment were led down to the sidewalk where the victim identified appellant as the robber.

Later the same evening appellant was informed that he was going to be placed in a lineup. He was read and signed a form which waived his right to counsel at this lineup. The victim of the robbery again identified appellant.

Meanwhile, the police discovered that the contents of the pocketbook found in the apartment had been reported stolen from two women a month earlier. These women were contacted, and agreed to come to a lineup early the next morning. Appellant was again placed in a lineup, although there was no attorney present. He did not sign a waiver of his right to the presence of counsel, nor was he informed of this right. The two women identified appellant as the man who had robbed them.

After a suppression hearing, the lower court ruled that all the identifications were admissible into evidence. Appellant was tried for the three robberies in one proceeding and the identifications were placed in evidence before a judge sitting without a jury. Appellant was found guilty on all three counts of aggravated robbery. From judgment of sentence this appeal followed.

The ruling of the trial court at the suppression hearing allowing the morning lineup into evidence was based on its finding that appellant was properly warned of his rights and agreed in writing to submit to the lineup. In effect the court held that the warnings and

waiver which took place the previous night on a separate offense carried over and remained effective for the lineup the next morning. I believe that this holding was error.

In *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926 (1967), the Supreme Court held that a lineup is a critical stage of the prosecution, and, absent a knowing and intelligent waiver, counsel's presence is required. In order to establish a valid waiver, the Commonwealth must show that appellant's acquiescence was an "intentional relinquishment or abandonment of a known right." *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 218, 220 A. 2d 883, 884 (1966).

In the instant case the Commonwealth did not establish that appellant knew of his right to free counsel at the second lineup. The fact that appellant was aware of his right of counsel at a lineup the night before which concerned a robbery occurring the same day, does not show that he knew of a similar right in relation to a lineup dealing with a completely separate incident which occurred a month earlier.

The situation is analagous to the police first eliciting a confession from a suspect after properly warning him of his rights. If the next day the officers, without warnings, question a prisoner about a separate offense, he again must be informed of the charges being investigated, and his right to an attorney and to remain silent. Cf. *Commonwealth v. Franklin,* 438 Pa. 411, 265 A. 2d 361 (1970); *Commonwealth v. Eperjesi,* 423 Pa. 455, 224 A. 2d 216 (1966).

As to the first lineup appellant may have waived his right to counsel for a number of reasons, including the fact that he had been caught "red-handed" and identified only a few hours before. The same reasons would not apply to a waiver of counsel for the second lineup, as to which there was no showing that appellant realized what crime was being investigated. Thus,

the Commonwealth failed to show that appellant intentionally relinquished or abandoned a known right.

However, pursuant to *Wade,* the Commonwealth may establish that the lack of counsel was harmless error by showing with "clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification". *Wade,* supra, at 240, 87 S. Ct. at 1939.

At the suppression hearing each victim of the earlier robbery was questioned regarding her opportunity to view the assailant at the scene of the crime. The first witness testified that she was a foot away from the man for approximately thirty seconds and that the lighting conditions were very good. She firmly stated that she had an image of the man from the time of the robbery and that she would have remembered his face if the lineup had never occurred.[1] The second witness verified the lighting conditions and opportunity to make a positive identification, and also indicated that she had a clear impression in her mind from the robbery itself.[2]

I believe that the Commonwealth has adequately established that the absence of counsel at the morning lineup was harmless error. Therefore I would affirm the judgments of sentence.

CERCONE, J., joins in this concurring and dissenting opinion.

---

[1] "Q. Is there any doubt in your mind that this is the man that robbed you? A. No sir, no doubt. Q. And would there be any doubt in your mind if there was no lineup, if you had not seen a lineup? A. No sir, no doubt because I remember the face. Q. I mean, would you have known now if there had not been a lineup? A. Yes, sir. Q. You remember the face at the time of the incident? A. Yes."

[2] "Q. You mean that you had a pretty clear impression of what he looked like at the time of the robbery? A. Yes. Q. Is there any doubt in your mind that that is the man? A. No. Q. Is this the recollection you have from the robbery itself. A. Yes."