## Scarf v. Koltoff

*Wm. Steerman*, for plaintiff.
*Johnathan Wheeler*, for defendant.

GREENBERG, *J.*, April 23, 1975—This action arises out of an automobile accident in which plaintiff, a pedestrian, was injured when struck by an auto as he crossed the street. At the time of the accident, plaintiff's wife was in the immediate vicinity and witnessed her husband being struck. There is no allegation that plaintiff's wife was ever

in any danger of being hit by defendant's auto or that she was ever in fear of being struck. As a result of witnessing this occurrence, plaintiff's wife allegedly underwent a severe emotional shock, which caused her to suffer a myocardial infarction and/or the aggravation of a pre-existing cardiac condition which led to her death two months later.

Plaintiff's complaint is divided into three counts. The first count sets forth a claim under the Pennsylvania Wrongful Death Statute for the death of plaintiff's wife. The second count is a survival action for the death of plaintiff's wife and the third count seeks compensation for the injuries suffered by plaintiff, himself, arising out of the accident. Defendant has filed preliminary objections in the nature of a demurrer to the first two counts of the complaint on the basis that the complaint fails to state a cause of action.

On January 15, 1975, we overruled defendant's preliminary objections, and on January 29, 1975, we filed an order certifying an immediate appeal of this matter to resolve the issue of plaintiff's right to recover for the death of plaintiff's decedent and thereby advance the ultimate termination of this matter.

Until a few years ago, the issue of recovery for damages for injuries resulting from fright or nervous shock or mental or emotional disturbances or distress was settled by a line of cases culminating in the case of Knaub v. Gotwalt, 422 Pa. 267, 220 A. 2d 646 (1966). These cases required some physical impact, no matter how slight, before permitting recovery. In his dissenting opinion in the Knaub case, the late Justice Musmanno observed with characteristic metaphor that, "in the train of Progress in the Law·of Humanity, Pennsylvania is a

car frequently clattering close to the caboose instead of cheerfully gliding over the rails immediately behind the locomotive.": 422 Pa. 220 A. 2d 646 (1966) at page 273.

Pennsylvania made a significant move in the direction of the locomotive with the decision in Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), by eliminating the need for impact in those cases where the injured party was in personal danger of physical impact because the negligent force was directed at him and he was in actual fear of the physical impact. In that opinion the court examined the three arguments that had supported the impact rule in the past: the medical profession's difficulty in proving causation between the claimed damages and the alleged fright, the dangers of fraudulent or exaggerated claims, and the fear that abolishing the rule would precipitate a flood of litigation. After thoroughly considering each of these arguments, the court said: "We believe that our analysis of the underpinnings of the impact doctrine proves that they are now so weak and that the arguments opposing the doctrine are so strong that an overruling of earlier cases is compelled.": Niederman at 413.

However, the court stopped short of a total repudiation of the impact rule by limiting its decision to the situation where the injured party was in personal danger of physical impact and did actually fear such impact. The court did not give its rationale for this limitation but, in light of the persuasive refutation of the basis of the impact rule by the Niederman opinion, it is difficult to believe that the court intended to retain any vestige of that discredited doctrine. What is more probable is that the court, in the interest of judicial self-restraint, de-

cided only the narrow issue presented by the facts of the case before it, leaving the inevitable extension of the holding to await the appropriate case.

Any other interpretation would be untenable. As the court observed recently:

"It seems inconsistent, if a coronary thrombosis can be precipitated, or caused or contributed to either by physical trauma or emotional excitement that the courts should be willing to accept the physical as causative, but reject the emotional, given the present state of medical knowledge.": Stump v. Follmer Trucking Co., 448 Pa. 313 (1972) at 317, 292 A. 2d 294.

Having accepted the emotional as causative, it seems equally inconsistent to recognize the emotional excitement resulting from personal proximity to danger as a cause of injury but to reject the emotional trauma present when one witnesses violent injury to a loved one. If there is no significant difference between physical trauma and emotional excitement, there should be no reason to discriminate between emotional excitement caused by personal danger and that resulting from observed peril to a member of one's immediate family. Surely the court, having moved ahead in Justice Musmanno's train of progress, would not allow itself to be sidetracked by such a baseless distinction.

We, therefore, believe the best approach to this issue to be that recommended by the Restatement 2d, Torts, §436 (2) and (3);

"(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely

from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

"(3) The rule stated in Subsection (2) applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence."

Applying this rule to the facts of the instant case, it is clear that plaintiff, by alleging decedent's relationship to the injured party, her presence at the scene of the accident and her witnessing of the harm to her husband, has pleaded sufficiently to withstand defendant's demurrer. Consequently, defendant's preliminary objections to the complaint in trespass are overruled.