447 A.2d 1032

**John N. CONRAD, t/a Arthur Murray Dance School**

v.

**Arland KEMMERER and Martha V. Kemmerer, Appellants.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1982.

Filed July 9, 1982.

411

Dennis J. Monaghan, Bethlehem, for appellants.

Frank A. Baker, Allentown, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

MONTEMURO, Judge:

This case concerns a judgment rendered by default before a district justice on February 10, 1981. Notice of the judgment, dated February 18, 1981, was sent to the defendants, herein the appellants. The notice was apparently received and read on February 20, 1981.

On or about March 10, 1981, a month after the entry of judgment was made, a constable levied upon some of the appellants' property pursuant to a Writ of Execution. On March 19, 1981, the appellants appealed the district court judgment, and on March 20, 1981 they obtained a Rule to Show Cause why the Writ and Execution of Levy should not be set aside.

The lower court found that the appeal was not timely filed, and it denied relief. We affirm that decision.

Appellants argue that their appeal was taken within thirty days of the date *notice* was sent, pursuant to Pa.R.C. P.J.P. 324, and that as "the quintessential element of due process is notice", the thirty-day appeal period should be

calculated from the date of *notice* rather than day of entry of judgment.

We have been unable to find an appellate court case on point, but numerous cases from the common pleas courts support the result reached in the instant matter.[1]

It is the information recorded by the justice of the peace in her records that fixes the time of judgment and not the written notice to defendant. *Annie M. Warner Hospital v. Miller*, 53 D. & C.2d 376, 13 Adams LJ 64 (1971). Under Section 5 of the Act of December 2, 1968 P.L. 1137 (42 P.S. § 3005), and Pa.R.C.P.J.P. 1002, the 20-day limit for the filing of an appeal from a district justice begins to run from the time of entry of the judgment and not from the date appellant received notice thereof, and such limitation is mandatory and binding, absent any allegations of fraud or its equivalent. *S & B Electric v. Rado*, 1 D. & C.2d 469 (1976).

Review of the rules leads us to the conclusion that the common pleas cases are correct. The "purpose and intent" of the Pa.R.C.P.J.P., set forth at 204, is to provide "a *complete* and *exclusive* procedure for every action" to which they are applicable.

Rule 1002 undeniably states that a party aggrieved by a judgment may appeal therefrom within *thirty days of the date of entry of the judgment.* Appellant may feel that thirty days after notice is sent, or thirty days after notice is received would be *preferable*, but in fact the thirty day period runs, by statute, from day of entry of the judgment.

In proper cases, where a party has been prevented from appealing by reason of fraud or a wrongful or negligent act of a court official, the court may allow enlargement of time for appeal or appeal *nunc pro tunc.* 9 Standard Pennsylvania Practice at 206, and cases cited therein. It is obviously appellants' burden, however, to show such mitigating circumstances. Appellants have not met that burden in this case.

1. The 20 day limit for filing an appeal under former practice has been increased to 30 days under present practice, see *infra*.

The rules provide that the following warning, *inter alia,* must be delivered from the justice of the peace to the defendant with a copy of the complaint, at least ten days before hearing date:

You must appear at the hearing and present your defense. UNLESS YOU DO, JUDGMENT WILL BE ENTERED AGAINST YOU BY DEFAULT. Rule 305(4)(c).

Additionally, Rule 322 permits the entry of judgment against an absent defendant on date of the hearing, or within five days at latest.

Appellants therefore had both actual and constructive notice that failure to appear would result in a judgment in their disfavor, and entry on the day of hearing was likely if not mandatory. They argue, nonetheless, that Rule 324, which provides that prompt notice is to be given in writing to any absent party, places such a burden on the justice of the peace as to entitle them to a longer appeal time on the strength of an eight-day delay. Not a shred of argument is advanced, however, to show that eight-day delay prejudiced their ability to appeal.

The facts indicate that the Notice of Entry of Judgment was delivered and read, like the Complaint and warning that initiated the action. Also, like the earlier service, it was ignored. It was not until a constable appeared with a Writ of Execution that these appellants felt moved to act in their own behalf. We note that once appellants took the legal process seriously, they appear to have been able to respond rather swiftly. Unfortunately, their date for appeal had passed. They have not shown any reason equivalent to fraud or a wrongful or negligent act of a court official for the exceptional relief they request. Extentions cannot be allowed as a matter of indulgence, or merely to prevent hardship. 9 Standard Pa. Practice at 206 and cases cited therein.

The decision of the lower court denying the appeal was correct.

Order affirmed.