## Brierwood Enterprises v. Meigs

*Wilbert H. Beachy, III,* for plaintiff.
In *propria persona.*

COFFROTH, *P.J.*, December 13, 1983—The prime issue in this case is whether the 30 day period allowed for appeal to the court from a civil judgment

of a district justice begins to run from the date the judgment is rendered or from the date notice of judgment is given. A secondary issue is, if the date of rendition controls, whether the circumstances of this case warrant an extension of the time for appeal.

## FACTS

On August 16, 1983, the district justice rendered judgment for plaintiff against defendant in this civil action. By letter dated August 17, 1983, the district justice gave notice of the judgment to defendant (who stated he received it the same date). The notice stated that defendant had a right of ". . . appeal within thirty (30) days. . ." On September 16, 1983, defendant filed the appeal in the prothonotary's office. The appeal was filed on the 30th day following the date of the notice, but on the 31st day following the date of rendition of the judgment. Plaintiff has filed a motion to quash the appeal for late filing, alleging that the date of rendition controls.

## DISCUSSION

The universal rule for calculating time periods is that the first day on which the triggering event (rendition of judgment or notice of judgment) occurred is excluded from the calculation and the date of the subsequent event whose timeliness is in issue (filing the appeal) is included in the calculation, provided that the last day is excluded if it falls on a Saturday, Sunday or legal holiday. See Commonwealth v. Hamilton, 37 Somerset L.J. 408; 13 D.&C. 3d 578 (1979); Act of 1883 P.L. 136, §§1-2 as amended, 73 P.S. §§1801-1802 (formerly 76 P.S. §§172-173). The rule is made specifically applicable to appeals from a judgment of a district justice by JP Rule 230.

Thus, in this case, the 30th day following August 16, 1983, was Thursday, September 15, 1983, and the 30th day following August 17, 1983, was Friday, September 16, 1983, the day the appeal was filed.

It is unquestioned that the period allowed for appeal from a judgment of a district justice is now 30 days. Judicial Code §§5571(b); J.P. Rule 1002. It is also unquestioned that appeal periods prescribed by law are jurisdictional mandates, and may not be extended except for fraud or its equivalent. Indian Lake Service Corporation v. Valentine, 41 Somerset L.J. 1 (1982); Mayak v. Jonnet (No. 3), 39 Somerset L.J. 7 (1979); Judicial Code §5504 (Judicial Extention Of Time), 42 Pa.C.S. The fact that defendant elected to proceed without counsel and may have erred on that account is neither fraud nor its equivalent. Berkley v. Durkin, 29 Somerset L.J. 257 (1974).

## COMMENCEMENT DATE FOR APPEAL

Plaintiff 's counsel relies on Conrad v. Kemmerer, 301 Pa. Super. 410, 447 A.2d 1032 (1982) in which a three-Judge panel of the Superior Court holds that the 30 day period runs from the date judgment was rendered, not from the date notice of rendition was given. That decision was based on lower court holdings and on J.P. Rule 1002 which states that:

"A party aggrieved by a judgment may appeal therefrom within thirty (30) days *after the date of the judgment* by filing with the prothonotary. . . . [etc.]" (Emphasis added.) But the court failed to consider Judicial Code §5571(b) which we think is controlling and provides otherwise, as we held in Simon DeChatlet, Inc. v. Naponic, 40 Somerset L.J. 61; 21 D.&C. 3d 408 (1980), cited with approval in Indian Lake Service Corporation v. Valentine,

supra, 3. In the former case, we reasoned thus (62-63):

"We focus on a noticeable difference between JP Rule 1002 supra and Judicial Code §5571(b) supra: the former fixes the appeal period at 30 days *after the date of judgment*', whereas the Code fixes the appeal period at 30 days *after the entry of the order from which the appeal is taken*'. The JP rules do not define the phrase 'date of the judgment'; case law has defined it as the date of 'entry of the judgment', without making clear whether 'entry' means the date of entry in the record of the district justice or the date of mailing notice thereof, but suggesting or indicating the latter. See Somerset Mack Sales and Service, Inc. v. Miller, supra, 136 note [2] and cases therein cited. The Judicial Code is more specific in §5572 thereof which defines date of entry as follows:

"The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules."

That section clearly opts for date of mailing where service is by mail; a 'government unit' within the meaning of the above section is defined in Code §102 as: 'The General Assembly and its officers and agencies, and any government agency or any court or other officer or agency of the unified judicial system', which includes district justices as provided in Code §301(9).

"There is no real conflict between J.P. Rule 1002 and Judicial Code §5571(b), both supra; but if there should be, the Code governs. Although the amendment of Rule 1002 was adopted subsequent to enactment of the Code and would ordinarily automati-

cally suspend the Code to the extent of inconsistency under Article 5 §10(c) of the Pennsylvania Constitution, J.P. Rule 1082(4) expressly saves Code §5571(b) from suspension. Moreover, the date-of-mailing rule is the fairest one, as the facts of this case show, where notice of judgment was mailed 10 days after the judgment was rendered. Compare Santangelo v. Osselburn, 40 Somerset L.J. 49 (1980), exceptions to equity decree nisi."[1]

We think the foregoing reasoning is unassailable and that Conrad v. Kemmerer, supra, cannot be regarded as decisive, at least until the Superior Court has an opportunity to consider Judicial Code §§5571(b) and 5572. "Nothing can be stare decisis which was not in fact considered and determined by the court." First National Bank v. Anderson and Hartman, 35 Somerset L.J. 23, 44; 7 D.&C. 3d 627, 648 (1977), and cases there cited. Moreover, elementary considerations of justice support the rule we adhere to. Only the most cynical among us can justify action by government which allows the citizen a period of 30 days to appeal from a judgment, and then steals some of it back by delaying in giving notice of the judgment which was entered in the litigant's absence.

## FRAUD OR EQUIVALENT

Assuming that the law requires calculation of the 30 day appeal period from the date judgment was rendered, rather than from the date of notice thereof to the litigant, there is no evidence of actual fraud having been practiced on this defendant to cause him to calculate the period from the date of notice of

---

1. Although J.P. Rule 1002 is a "general rule", it does not specify or define "date of entry" as permitted by §5572 supra.

rendition; as he said, he just assumed that the 30 day period ran from the date of the written notice. But if the language of the notice from the district justice reasonably induced that assumption, then the notice itself may be the equivalent of fraud. The full text of the notice letter from the district justice is as follows:

"August 17, 1983

"This is to advise that judgment has been entered against you in favor of the Plaintiff in the above matter in the sum of $400.00 plus cost of suit of $35.05 on August 16, 1983.

"You, as defendant, have the following rights: File an appeal within thirty (30) days or you may ask for payments to be arranged over a six (6) month period, within thirty (30) days.

"If you fail to do either of the above, the plaintiff is permitted to do the following: enter this judgment in the Prothonotary's Office and/or issue an execution to the Sheriff of Somerset County for a levy of your personal property.

"Therefore, valuable rights and property maybe lost. for further information consult your family Attorney. If you do not have a family Attorney, call Pennsylvania Lawyer Referral Service, telephone number 1-800-692-7375.

"If you cannot afford an Attorney, contact Southern Allegheny Legal Aid, Scull Building, Somerset, Pennsylvania, telephone number 814-443-4615."

There is no language in the notice stating, suggesting or even hinting when the 30 day period begins or ends. Presuming that defendant knew the law does not really resolve the problem whether the 30 day period began to run on date of rendition or date of notice, in light of the judicial differences of opinion reflected in Simon DeChatlet-Naponic and Conrad-Kemmerer, supra. The most reasonable conclu-

sion according to common language is that the notice speaks as of its date (August 17), given no language indicating the contrary. That is consistent with general rules of law that a notice becomes effective only from the date it is given, and if mailed from the date of mailing. See CJS, Notice §§18e and 19g. At best from plaintiff's standpoint, the notice is ambiguous. "A doubt as to the meaning of a notice, resulting from an ambiguity in its terms, is resolved against the person who gives the notice." CJS, Notice §19a.[2]

An innocent misrepresentation, or an ambiguous representation, by a district justice who is the court itself, which reasonably leads or misleads a litigant to act or fail to act to his prejudice, is the equivalent of fraud which justifies, indeed equitably mandates, remedial judicial action, including extension of a mandatory appeal period. See: Tarlo v. University of Pittsburgh, 66 Pa. Commw. 149, 443 A.2d 879 (1982); Mayak v. Jonnet (No. 3), supra; Somerset Mack Sales & Service, Inc. v. Miller, 35 Somerset L.J. 135 (1978); Indian Lake Service Corporation v.

---

2. J.P. Rule 324 provides as follows:

"Rule 324. Notice of Judgment, Dismissal or Continuance

"The district justice shall promptly give to the parties written notice of judgment, dismissal or continuance, except as to parties to whom notice was given publicly at the time of the hearing. If a party has an attorney of record named in the complaint form, the written notice shall be given to the attorney of · record instead of to the party."

The rules do not require that the notice state the appeal period in a civil case. See DeFeo v. MacIntyre, 265 Pa. Super. 95, 401 A.2d 818(1979); Somerset Mack Sales and Service, Inc. v. Miller, 35 Somerset L.J. 135, note [1] (1978). Compare Criminal Rule 63(f) which states:

"(f) At the time of sentencing, the issuing authority shall advise the defendant of his right to appeal and trial de novo, and the time within which he must exercise that right."

Valentine, supra. In this case, assuming the rule to be that the 30 day appeal period is calculated from the date of rendition of the judgment rather than from the date of notice of rendition, the judicial system must take responsibility for defendant's reasonable conclusion to the contrary in light of the language of the district justice's notice letter. Accordingly, defendant's appeal was timely filed.

We note that in Conrad v. Kemmerer, supra, the opinion states that judgment was rendered by the district justice on February 10, and that notice thereof was dated and sent February 18; the text of the notice is not stated. The fair assumption is that the notice did not undertake to define the appeal period, that not being required (see note [1] supra).

## ORDER

Now, December 13, 1983, plaintiff's motion to quash defendant's appeal is denied. See order of October 3, 1983, allowing plaintiff 20 days to file a complaint.