## Industrial Steel and Fastener Corp. v. Potomac Steel Corp.

*Neil Mittelman,* for plaintiff.
*James J. Auchinleck Jr.,* for defendant.

YOHN, J., May 10, 1988 —

### PROCEDURAL HISTORY AND FACTS

Plaintiff, Industrial Steel and Fastener Corporation, filed a trespass and assumpsit complaint with the office of District Justice Henry J. Schireson against defendant, Potomac Steel Corporation. Plaintiff sought a judgment against defendant in the jurisdictional limit amount of $4,000 plus interest, costs and attorney fees. An evidentiary hearing was held on August 11, 1987. On August 13, 1987, judgment was entered for plaintiff in the amount of $3,450.49.

District Justice Schireson mailed the notice of judgment to the parties on August 17, 1987. Defendant admits receiving the notice of judgment on August 20, 1987. On September 16, 1987 defendant filed a notice of appeal with this court. Plaintiff countered with a motion to strike the appeal on grounds that it was untimely filed. The matter came before this court for disposition without hearing based upon the pleadings and briefs. By an order

dated March 18, 1988, plaintiff's motion to strike the appeal was granted. Defendant appeals from that order.

## DISCUSSION

Defendant in its statement of matters complained of contends that the decision of the court is inconsistent with rule 108 of the Pennsylvania Rules of Appellate Procedure which provides in pertinent part that the day of entry of an order shall be the day the clerk of courts or office of the government unit mails or delivers copies of the order to the parties. Defendant argues that since magisterial district courts are not courts of record where orders can be entered onto dockets, the general rule must apply that the date of entry of the order is the date upon which it is mailed. Defendant contends that because the notice of judgment was mailed on August 17, 1987 and its notice of appeal filed on September 16, 1987, the appeal was filed within the 30-day period as prescribed in rule 1002 (entitled Time and Method of Appeal) of the Pennsylvania Rules of Civil Procedure for District Justices.

Unfortunately for defendant, rule 108 of the Pa. R.A.P. is not applicable to the case at bar. Rule 103 (entitled Scope of Rules) of the Pa. R.A.P. states:

"These rules govern practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court, including procedure in appeals to such courts from lower courts and the procedure for direct review in such courts of determination of government units."

Therefore, in light of the above, there can be no doubt that rule 108 of the Pa. R.A.P. does not apply to the case at bar.

Rule 1002 of the Pa. R.C.P.D.J. sets forth both the time and method of appeal from a judgment of a district justice. Rule 1002 provides:

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator."

Furthermore, pursuant to rule 322 of the Pa. R.C.P.D.J. a district justice is bound to enter judgment at the conclusion of the hearing or within five days thereafter. The district justice is further required to promptly send written notice of judgment to all parties, except those parties who were issued notice publicly on the day of the hearing. Pa. R.C.P.D.J. 324.

In essence, the issue before the court is the meaning of the phrase "date of judgment," as that phrase is used in rule 1002, *supra*. (emphsis supplied) Defendant contends that for purposes of beginning the appeal period the phrase "date of judgment" necessarily connotes the date notice of judgment is actually sent to the parties and not the date judgment is made or entered. To hold otherwise, according to defendant, would result in the appeal period possibly expiring while the judgment is still on the district justice's desk. It is not necessary for this court to contemplate the results of a factual situation where an appeal period would expire while the judgment is still on a district justice's desk as that situation is clearly irrelevant to the instant matter.

The courts of this commonwealth that have addressed this issue have uniformly rejected defendant's argument. For example, in *Conrad v. Kemmerer*, 301 Pa. Super. 410, 447 A.2d 1032, (1982) an appeal was taken from an order of the trial court finding that an appeal from a district

court judgment was not timely filed. In affirming the trial court's ruling the Superior Court held:

"Rule 1002 undeniably states that a party aggrieved by a judgment may appeal therefrom within 30 days of the date of entry of the judgment. Appellant may feel that 30 days after notice is sent, or 30 days after notice is received would be preferable, but in fact the 30-day period runs, by statute from day of entry of the judgment. *Id*. at 412, 447 A.2d at 1033. See also, *Annie M. Warner Hospital v. Miller*, 53 D. & C. 2d 376 (1971)." *Conrad, supra*.

The court further held that defendant was not entitled to a larger appeal time notwithstanding an eight-day delay in sending to defendant notice of judgment, where there was no showing that the delay prejudiced their ability to appeal. *Id*. at 413, 447 A.2d at 1034. The delay in this case is even less, and defendant has not even attempted to show prejudice resulting from the delay.

In *Goldberg v. Goldberg*, 315 Pa. Super. 333, 461 A.2d 1307 (1983) an appeal was taken from an order of the trial court which quashed appellant's notices of appeal from two judgments rendered against him. In affirming the trial court's ruling, the Superior Court, citing *Conrad*, held that appellant's notices of appeal were properly quashed where they were not filed within the required 30-day period as prescribed by rule 1002 of the Pa. R.C.P.D.J., notwithstanding the fact that appelant's appeal period was essentially reduced to 24 days as a result of a delay in receipt of actual notice of the judgment. *Id*. at 337, 461 A.2d at 1309. The court stated that the phrase "date of judgment" within rule 1002 establishing the 30-day period from which to file a notice of appeal is the date judgment is made or entered and not the date notice of judgment is actually received by the appealing party. *Id*. at 335, 461 A.2d 1308.

These cases clearly demonstrate that the 30-day appeal period prescribed in rule 1002 of the Pa. R.C.P.D.J. begins to run the date judgment is made or entered and not the date notice of judgment is sent to the parties as defendant argues. The notice of judgment sent to defendant on August 17, 1987 and received by defendant on August 20, 1987 clearly and unambiguously states that judgment was entered on August 13, 1987.

The court is aware of only two exceptions that can be carved from these nearly impervious rules which would permit the enlargement of time for appeal or appeal nunc pro tunc.

First, where a party is prevented from filing a timely appeal due to a breakdown or fraudulent activity within the court system, *Conrad* at 412, 447 A.2d at 1034; *In the Matter of Revocation of Restaurant Liquor License No. R-8030,* 53 Pa. Commw. 468, 417 A.2d 1327 (1980); and second, where a criminal defendant's failure to file an appeal is the result of his counsel's ineffectiveness. *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966); *Goldberg* at 336, 461 A.2d at 1309.

Therefore, unless the instant matter falls within the first of the two aforementioned exceptions (exception number two is excluded since this is not a criminal appeal), the court does not possess the power to extend defendant's appeal time. Here, judgment was entered by District Justice Schireson on August 13, 1987, two days after the hearing. Therefore, the five-day requirement of rule 322 of the Pa. R.C.P.D.J. for the entry of judgment was met. Furthermore, the requirement that the district justice send prompt written notice of judgment to the parties (Pa. R.C.P.D.J. 324) was complied with in that judgment was entered on August 13, 1987

and notification was sent on August 17, 1987 and received by defendant on August 20, 1987. The court found that a period of four days (including an intervening weekend) between entry of the judgment and notice of the judgment being sent constituted prompt notice.

In any event, the fact that notice of the judgment was mailed August 17, 1987 and received by defendant on August 20, 1987 is immaterial, without a showing by defendant that it was prejudiced by such action. Here, not an iota of argument is advanced by defendant to show that its ability to appeal was prejudiced by the actions of District Justice Schireson.

In the instant matter, the date of judgment, August 13, 1987 began the appeal period. The 30-day period expired on September 12, 1987; however, because this was a Saturday defendant could have filed its appeal on Monday, September 14, 1987. Unfortunately for defendant, it did not file its appeal until September 16, 1987, beyond the statutory limit.

The court's decision to strike defendant's appeal is consistent with the decisions handed down in *Conrad* and *Goldberg*. As in those cases, defendant here has failed to carry its burden of proving its untimely appeal was the result of breakdown or fraudulent activity within the court system. Moreover, there is no proof that such delay as occurred did, in fact, prejudice defendant. Finally, defendant has not convinced this court that the 24 days following its receipt of the actual notice of judgment was insufficient within which to file its appeal.

For all of the foregoing reasons, this court's order of March 18, 1988 granting plaintiff's motion to strike defendant's appeal should be affirmed.