## Pernice v. Van Vorst

*Gerard J. Geiger,* for plaintiffs.
*David A. Martino,* for defendants.

O'BRIEN, *J.,* August 11, 1989 — Plaintiffs filed a complaint in assumpsit with a district justice asking for judgment against defendants in the amount of "$1,100 plus costs." A copy of the complaint and notice of hearing was served upon defendants by the district justice. Defendants did not appear at the hearing and plaintiffs asked to amend their complaint. The amendment was allowed and the district justice entered a default judgment in favor of plaintiffs and against defendants in the amount of $4,036.50. A notice dated March 27, 1989 was served upon defendants by the district justice advising that a judgment had been entered on March 23, 1989. On April 26, 1989, defendants filed a notice of appeal with the prothonotary of Monroe County. Counsel for plaintiffs has filed a motion to strike the appeal as untimely and counsel for defendants has filed an answer which includes, inter alia, a motion for a writ of certiorari. Following briefs and arguments by counsel for both parties, the matter is now before the court for disposition.

The Pennsylvania rules governing conduct of district justices provide in pertinent parts as follows:

"Rule 1002. *Time and Method of Appeal —*

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator."

"Rule 1009. *Praecipe for Writ of Certiorari —*

"(A) Unless he was the plaintiff in the action before the district justice, a party aggrieved by a judgment may file with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction over the parties or subject matter, improper venue or such gross irregularity of procedure as to make the judgment void. If the party aggrieved by the judgment was the plaintiff in the action before the district justice, he may file a praecipe for a writ of certiorari only on the last mentioned ground.

"(B) If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed at any time after judgment. Otherwise it shall be filed within 30 days after the date of the judgment.

"(C) The praecipe shall identify the judgment complained of and the district justice in whose office the record of the proceedings containing the judgment is filed.

"(D) The praecipe and the writ shall be on a form which shall be prescribed by the State Court Administrator."

"Rule 1015. *Certiorari and Appeal Not Permitted —*

"A judgment may not be the subject of both certiorari and appeal. The prothonotary shall mark stricken from the record any writ of certiorari concerning a judgment as to which an appeal is pending if proof of service of copies of the notice of appeal has been filed. If the appeal is stricken or voluntarily

terminated, the writ of certiorari shall be reinstated upon praecipe of the party obtaining the writ."

Where a timely appeal is filed, a de novo hearing on the merits of the controversy is held in the court of common pleas. On the other hand, certiorari does not address the merits of the controversy but seeks to correct errors in jurisdiction, venue or "irregularity of procedure."

The notice dispatched by the district justice on March 27, 1989 clearly stated that judgment had been entered on March 23, 1989 and that "any party has the right to appeal within 30 days of the date of judgment by filing a notice of appeal with the court of common pleas." Defendants argue that they were misled by the notice date, therefore their appeal filed on April 26, 1989 should be considered timely. However, this argument has been rejected by our Superior Court. In *Conrad v. Kemmerer,* 301 Pa. Super. 410, 447 A.2d 1032 (1982), the defendants received a notice dated February 8, 1981 advising them of the entry of a judgment of default by a district justice on February 10, 1981. When a writ of execution was filed, defendants filed an untimely appeal. Defendants argued their appeal was taken within 30 days of the date the notice was sent. In rejecting this argument, the Superior Court stated the following:

"Rule 1002 undeniably states that a party aggrieved by a judgment may appeal therefrom within 30 days of the date of entry of the judgment. Appellant may feel that 30 days after notice is sent, or 30 days after notice is received would be preferable, but in fact the 30-day period runs, by statute, from day of entry of the judgment."

Therefore, clearly defendants' notice of appeal was untimely filed and must be stricken.

We could, if we chose, conclude this opinon at this point. However, Pa.R.J.P. 1015, *supra,* provides

that "if the appeal is stricken . . . the writ of certiorari shall be reinstated upon praecipe of the party obtaining the writ." In the interest of judicial economy and fairness to the parties in this proceeding, we feel it is appropriate to address the issues raised in the writ of certiorari at this time. In their pleadings, defendants raised the provisions of Pa.R.J.P. 316 which provides as follows:

"Amendments to the complaint may be made only at the hearing in the presence of the adverse party or his representative. Amendments other than those made as to form shall constitute grounds for continuance."

It has been correctly stated that "the quintessential element of due process is notice." When the complaint in this proceeding was served upon defendants, they were on notice that unless they appeared to defend they would be subject to a judgment of $1,100 plus costs. Defendants never had notice that a consequence of their failure to appear at the hearing would be the judgment in the amount of $4,036.50. When a defendant fails to appear at a district justice hearing on a civil complaint, it is perfectly proper for a plaintiff to obtain a default judgment in the amount of which defendant had notice was at issue. However, if a plaintiff desires to amend the complaint at that point, it is clear a new notice of the amended complaint and a continued hearing date on the merits of the dispute are mandated by rule 316. Therefore, we conclude the amount of the judgment in excess of "$1,100 plus costs" was such an "irregularity of procedure" as to be corrected by certiorari.

## ORDER

And now, August 11, 1989, it is ordered as follows:

(1) The rule heretofore issued is made absolute and the notice of appeal filed by Michael Van Vorst and Wanda Van Vorst, his wife, on April 26, 1989 in the office of the prothonotary of Monroe County is stricken as untimely filed.

(2) The petition of Michael Van Vorst and Wanda Van Vorst, his wife, for a writ of certiorari is denied to the extent it seeks to set aside proceedings before the district justice but is granted to the extent that District Justice Debbie Y. Kowalczyk is directed to correct the judgment heretofore entered in favor of Thomas Pernice and Lucy Pernice, his wife, to be in the amount of $1,100 plus costs.