## Wolfe  v.  Detsch

C.P. of Elk County, no. 95-900.

*George Daghir* and *R. Bruce Manchester,* for plaintiff.
*Thomas G. Coppolo,* for defendant.

WOLFE, *S.J.,* June 25, 1996—Plaintiff has filed a motion to quash the court's order entered December 7, 1995 vacating the plaintiff's judgment and to quash defendant's notice of appeal filed November 17, 1995, as all in violation of Pennsylvania Rules of Civil Procedure governing District Justices 1002.

The facts of this case are not in dispute:

On August 14, 1995, the district magistrate entered judgment for plaintiff in the amount of $5,247 in plaintiff's action against the defendant. No appeal was taken to the court of common pleas within the 30 day mandatory period pursuant to Rule 1002, *supra.*

On November 15, 1995, counsel for the parties entered into an oral stipulation to extend the 30 day appeal period. Plaintiff's attorney, the then George Daghir, Esq., had not consulted plaintiff for permission or authority to enter into the stipulation and plaintiff had no knowledge thereof.

On November 15, 1995, counsel for the parties executed the written stipulation.

On November 17, 1995, defendant's counsel filed a notice of appeal from the district justice's decision.

On November 22, 1995, the plaintiff, pro se, filed judgment at the above caption no. 95-900.

On December 6, 1995, counsel for defendant, Thomas G. Coppolo, Esq., filed a motion to strike plaintiff's judgment alleging the stipulation of counsel and that the notice of appeal had been filed prior to the November 22, 1995, judgment entered by the plaintiff.

The then Judge Gordon Daghir granted defendant's motion on December 7, 1995.

The focus of the court is the interpretation of Pa.R.C.P.D.J. 1002, which states:

"Time and method of appeal: A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 30 days after the date of judgment without leave of court or good cause shown."

The essence of the rule as applied instantly centers on the mandate against the prothonotary that the prothonotary shall not accept an appeal from the aggrieved party filed more than 30 days after judgment without leave of court or good cause shown.

The plaintiff argues the judiciary has limited power to expand the time parameters to perfect an appeal unless there is a statutory provision or court rule or decision to the contrary. *Appeal of Farrel,* 69 Pa. Commw. 32, 450 A.2d 266 (1982); *Conrad v. Kemmerer,* 301 Pa. Super. 410, 447 A.2d 1032 (1982). Generally, only two exceptions are permitted to file a delinquent appeal nunc pro tunc to wit, where a party is prevented from filing a timely appeal due to a breakdown or fraudulent activity within the court system. (Plaintiff's brief.)

Plaintiff argues instantly there was no fraud or breakdown in the judicial machinery that would prevent defendant from filing a timely appeal and counsel for the parties cannot agree to violate the mandatory period to appeal.

The defendant argues and relies upon *Johnson v. Cole,* 2 D.&C.4th 312 (1989). There, the appellate did not receive notice of the decision of the district mag-

istrate until the 30 day period had expired and the court differentiated the holding of *Goldberg v. Goldberg,* 315 Pa. Super. 333, 461 A.2d 1307 (1983) and *Conrad v. Kemmerer, supra,* in that the aggrieved party must have notice of the entry of judgment before the appeal period is viable, otherwise failure to notify the aggrieved party would deny due process. (Defendant's brief.)

We have no difficulty in accepting defendant's argument pursuant to the *Johnson* holding simply for the reason that *Johnson* is not in contradiction to the string of cases cited in *Conrad v. Kemmerer, supra,* that the two exceptions permitting appeals nunc pro tunc must be based upon a breakdown in the judicial system or fraud committed. In *Johnson* it was not clear if error occurred in the judicial system or the U.S. Post Office level that never delivered the mail.

Sub judice there can be no question defendant's counsel, Mr. Coppolo, knew of the judgment entered against his client by the district justice.

Next, defendant argues the appeal was not timely perfected because of the extension granted by the plaintiff's then counsel, Mr. Daghir, Esq. Using *Johnson* as the springboard, defendant argues the "mistake" made by counsel in counsel's attempt to extend the time mandated to appeal is counsel's error and should not be laid at the doorstep of the defendant.

We find no merit in this argument. We hold that counsel cannot extend the legislative or rule of court to extend filing an appeal unless, as the rule dictates, "without leave of court or good cause shown." Here, no leave of court was requested nor granted and the phrase "good cause shown" is directed to the court's consideration if the delinquent party has shown good cause to file an appeal nunc pro tunc. Instantly, counsel for the parties simply orally extended the rule and sub-

sequently reduced it to writing after the appeal period had expired.

Next, defendant argues that attorney Daghir did not have the authority to settle plaintiff's case but he did have the authority to grant an extension. Again, we must respectfully disagree. Defendant cites *McLaughlin v. Monaghan,* 290 Pa. 74, 138 A. 79 (1927) for the legal proposition that although counsel may not release a client's cause of action or surrender his client's statutory rights, nonetheless counsel has the implicit authority to enter into stipulations and agreements in procedural matters. Again, we disagree instantly because plaintiff had received a judgment award against defendant in the district justice court in the amount of $5,274.[1] Here, the stipulation entered by counsel was not a procedural matter but directly affected the plaintiff's substantial rights in maintaining his judgment securely without risk of having it overturned on appeal. We cannot brush the stipulation aside as being a near procedural courtesy between counsel that has no impact upon the plaintiff's property rights.

Next, defendant argues the plaintiff is not prejudiced if an appeal is granted nunc pro tunc. Again, we disagree as we have heretofore stated in that plaintiff's judgment, after the expiration of the 30 day appeal period, became vested. We reject defendant's argument that the appeal should be allowed and not jeopardized by "technical errors of counsel." (Defendant's brief.) Finally, defendant argues the rule permits the court to grant the appeal nunc pro tunc upon good cause shown and argues:

"If defendant is allowed to proceed with his appeal, plaintiff will not be prejudiced. Plaintiff has a judgment

---

1. At time of argument the court was informed plaintiff's complaint and request for judgment exceeded the judgment amount awarded.

without an appeal only because his attorney granted defendant an extension; now he seeks to revoke such extension but still enjoy the direct result thereof. However, if the defendant is not permitted to proceed with his appeal nunc pro tunc, then plaintiff will have successfully avoided the filing of an appeal by revoking the extension which was granted. In this case, defendant would be prevented from filing an appeal, and he would be forced to satisfy a judgment in excess of $5,000 which he would have appealed but for the granted extension."

We find this argument a bit convoluted and somewhat illogical. First, the leave of court as provided in the rule must be made upon good cause shown. Errors of counsel, in our view, is not good cause shown. We cannot treat the oral stipulation to extend the time to appeal as a mere technicality and as a custom of the bar in Elk County as argued. The plaintiff has graphically exhibited plaintiff's position by retaining his current counsel, Mr. R. Bruce Manchester, Esq. At time of argument, Mr. Daghir, Esq. candidly informed the court he had no authority from plaintiff to extend the appeal. Indeed, if the appeal is granted, plaintiff is seriously jeopardized in that first he loses his $5,000 judgment that is now secure, and second may not be successful on the appeal to reestablish in the amount of his claim against the defendant. We do not find this argument as "good cause shown."

For these reasons we enter the following order:

## ORDER

And now, June 25, 1996, it is ordered that defendant's appeal filed November 17, 1995, is quashed and the prothonotary is directed to strike the appeal from the record. It is further ordered that the order of court entered December 7, 1995, is vacated.