**CHERRY RIDGE DEVELOPMENT**

v.

**Christine CHENOGA and Richard Selfridge.**

**Appeal of Christine CHENOGA.**

Superior Court of Pennsylvania.

Submitted Sept. 24, 1997.
Filed Dec. 31, 1997.

Paul Mentzer, Johnston, for appellant.

Theresa Homady, Asst. Dist. Atty., Ebensbury, for appellee.

Before DEL SOLE, EAKIN and HESTER, JJ.

EAKIN, Judge:

Christine Chenoga appeals from an order entered in the Court of Common Pleas of Cambria County dismissing her appeal from a judgment for eviction entered by a district justice.[1] We affirm.

Appellee leased an apartment in Barnesboro, Cambria County, to Chenoga and one Richard Selfridge.[2] In August 1996, appellee commenced eviction proceedings pursuant to the Landlord and Tenant Act of 1951, 68 P.S. 250.101 *et seq.* The couple had fallen into arrears for rent and repairs, and had been arrested for unlawful possession of narcotics. A hearing was held before District Justice Michael Zungali on August 26, 1996, and judgment was entered that same day in favor of appellee for possession of the premises and $297.48.[3]

On September 12, 1996, Chenoga filed a notice of appeal and a petition for supersedeas with respect to the judgment for possession. Chenoga conceded the notice of appeal was filed beyond the ten-day filing period prescribed by Pa.R.Civ.P.D.J. 1002 B, but asserted "good cause" in that she was allegedly advised by the district justice's secretary her appeal period would run from the date judgment is received, rather than entered.[4] She also argued that because the notice of appeal was filed within thirty days

of entry of judgment, her appeal from the money portion of the judgment was in accord with Pa.R.Civ.P.D.J. 1002 A. Nevertheless, the trial court denied her petition for supersedeas on September 18, 1996.

On September 27, 1996, appellee filed preliminary objections to Chenoga's notice of appeal, asserting its untimeliness. The trial court agreed, and on January 17, 1997, dismissed her appeal en toto. This timely appeal followed.

Chenoga presents a single question for our review: "What is the time period to file an appeal when an Order for both possession and money judgment is entered by a District Justice?" As the underlying judgment includes an award for both possession and money, she argues two distinct appeal periods apply, i.e., ten days from entry of judgment for the possession portion of the judgment, and thirty days from the money portion of the judgment.

The time for filing an appeal from a judgment entered by a district justice is prescribed by Pa.R.Civ.P.D.J. 1002, which provides in pertinent part:

A. A party aggrieved by a judgment for money, or for a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal therefrom within thirty (30) days after the date of the entry of judgment ...

B. A party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal therefrom within ten (10) days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal ... The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than ten (10) days after the

---

1. Pa.R.A.P. 301(a) provides that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Hence, this appeal properly lies from the order entered January 17, 1997.

2. Selfridge was named as a defendant, but does not appeal the judgment entered by the district justice.

3. The money judgment includes $221 for rent and repairs, $65.50 court costs, and $10.98 interest.

4. Appellant alleges she first attempted to file a notice of appeal *pro se* on or about September 9, 1996, which the prothonotary properly refused as untimely. Pa.R.Civ.P.D.J. 1002 B.

date of judgment without leave of Court and upon good cause shown.

The Note to the Rule reveals that subdivision B is designed to implement the time for appeal set forth in Section 513 of the Landlord and Tenant Act of 1951, which provides "[w]ithin ten days of the rendition of judgment by a lower *court arising out of [a] residential lease* ... either party may appeal to the court of common pleas." 68 P.S. § 250.513(b).[5] Moreover,

[t]he two subdivisions of [ ] rule [1002] are intended to clarify that where right of possession of residential real estate is at issue, the shorter, ten day period for appeal applies; where the judgment from which the appeal is taken is a *judgment only for money*, or a judgment affecting a nonresidential lease, under these rules, the thirty day period of time for appeal applies.

Pa.R.Civ.P.D.J. 1002, Note (emphasis supplied).

Chenoga does not appeal from a "judgment only for money," but from a judgment for possession with an ancillary award for damages. She does not appeal from a "judgment affecting a nonresidential lease." These eviction proceedings were commenced because Chenoga violated the terms of her lease of residential real estate. As the district justice's judgment of possession arose from that residential lease, she had ten days from the date of judgment to file a notice of appeal. 68 P.S. § 250.513(b); Pa.R.Civ. P.D.J. 1002 B; *see also Conrad v. Kemmerer*, 301 Pa.Super. 410, 412, 447 A.2d 1032, 1033 (1982)(appeal period begins to run from date judgment is entered). Absent a demonstration her untimely filing was the result of administrative error, fraud or negligence, we cannot find the learned trial court abused its discretion in dismissing her appeal.

---

5. Act 1995, July 6, P.L. 261, No. 36, was suspended by order of our Supreme Court on March 28, 1996, to the extent it conflicts or is inconsistent with the rules governing appellate procedure regarding, *inter alia*, judgments entered by district justices in civil actions, particularly Pa. R.Civ.P.D.J. Sections 1001–1082. As the Note to

*Goldberg v. Goldberg*, 315 Pa.Super. 333, 336, 461 A.2d 1307, 1309 (1983).

Order affirmed.

---

Rule 1002 specifically indicates its purpose is to "implement [Section] 513 of the Landlord and Tenant Act[,]" we find no inconsistency and hence, no reason to find Section 513 suspended insofar as it relates to appeals from judgments arising out of residential leases.