J-A06007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BARBARA PROVENZANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BARRY F. BARTUSIAK, DMD | : | |
| | : | |
| Appellant | : | No. 829 WDA 2023 |

Appeal from the Order Entered December 2, 2022
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2019-6306

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: JULY 23, 2024**

Barry F. Bartusiak, DMD, appeals[1] from the order, entered in the Court of Common Pleas of Washington County, denying his motion for summary judgment claiming that Appellee Barbara Provenzano's professional negligence action is barred by the applicable statute of limitations. The trial judge concluded that, because Provenzano timely filed a contract action in the Magisterial District Court (MDC), she tolled the statute of limitations for a professional negligence claim in the Court of Common Pleas for a trial *de novo*, and, thus, her action is not barred by the applicable two-year statute of limitations. After careful review, we affirm.

_____

[1] On February 10, 2023, Dr. Bartusiak filed a petition for permission to appeal with this Court seeking permission to appeal the interlocutory order denying his motion for summary judgment. On July 18, 2023, a motions panel of this Court granted the petition for permission to appeal, pursuant to Pa.R.A.P. 1311. *See* Order (10 WDM 2023), 7/18/23.

In early 2017, Provenzano had dental implants placed in her lower left jaw. In June or July of 2017, the bony area around the implants, at teeth 20, 21, and 22, became infected. Provenzano sought treatment with Dr. Bartusiak and the two discussed a proposed patient treatment plan that included surgery to replace the infected implants. The plan included implant removal, bone grafting, and the surgical placement of implant bodies with implant-supported retainers. *See* Patient Proposed Treatment, 7/13/17. Doctor Bartusiak told Provenzano that the entire course of treatment would cost approximately $14,948.00, and her recovery would take between three to six months, but possibly up to one year. Provenzano signed a "Treatment" document on August 4, 2017, and paid Dr. Bartusiak $12,937.00 in advance of his services.

On August 7, 2017, Dr. Bartusiak extracted Provenzano's implants and replaced them with new implants. Provenzano returned to Dr. Bartusiak's office multiple times in August 2019 with complaints of pain and discomfort. Doctor Bartusiak referred Provenzano to an oral surgeon who examined her on August 29, 2017, and diagnosed her with peri-implantitis with an abscess. The oral surgeon advised that if the condition did not improve within two weeks, Dr. Bartusiak should remove the implants. Provenzano saw Dr. Bartusiak again on September 1, 2017, and September 5, 2017, although she could not remember details about the appointments. Ultimately, Provenzano

sought emergency room care on September 7, 2017, and, on September 8, 2017,[2] an oral surgeon removed the implants.

On August 6, 2019, Provenzano filed a civil complaint in the MDC seeking judgment in the amount of $12,000.00. *See* 42 Pa.C.S.A. § 1515(a)(3) (magisterial district judge has subject matter jurisdiction over civil claims, including assumpsit, where demand does not exceed $12,000.00).[3] In her complaint, Provenzano claimed that she was seeking a "[r]eturn of money deposited up front [on] Aug[ust] 4, 2017[,] for dental work that was not and could not be completed. This is not for malpractice[. I]t is a claim for money that rightfully belongs to me." Plaintiff's MDC Complaint, 8/6/19, at 1.[4]

---

[2] Although Provenzano alleged in her complaint that the oral surgeon removed the implants on September 8, 2017, at her deposition she stated that she did not recall having the implants removed on that date, but, instead, stated that they were removed during her stay in the hospital sometime between September 10th and 15th. *See* Plaintiff's Deposition, "Exhibit B" to Motion for Summary Judgment, 2/23/22, at 59. Thus, even giving Provenzano the benefit of the latter date, her negligence action had to have been filed by September 15, 2019.

[3] Among other things, magisterial district judges have jurisdiction over civil claims for demands not exceeding $12,000.00, in assumpsit and trespass matters. *See* 42 Pa.C.S.A. § 1515(a)(3).

[4] Pennsylvania Rule of Civil Procedure Governing Actions before Magisterial District Judges 304 requires that the complaint set forth:

> (3) A brief and concise statement of the facts upon which the claim is based including:

*(Footnote Continued Next Page)*

- 3 -

Following a hearing, the magistrate found in Provenzano's favor and, on September 16, 2019, awarded her a $12,000.00 money judgment. On October 15, 2019, Dr. Bartusiak filed a timely appeal[5] for a trial *de novo* in the Court of Common Pleas, and a *praecipe* requesting the prothonotary enter a rule as of course upon Provenzano to file a complaint within 20 days. *See* Pa.R.Civ.P.D.M.J. 1004(B).

Provenzano filed a complaint in the Court of Common Pleas on November 12, 2019, asserting a singular cause of action for professional negligence; she did not include her original MDC contract claim. *See* Plaintiff's CCP[6] Complaint, 11/12/19, at 6 ("The injuries and damages suffered by Provenzano were the direct and proximate result of the negligence of Dr. Bartusiak and in breach of his duty of care to Provenzano.[]") Provenzano

---

> (a) the date, time[,] and place of the occurrence and a brief description of the damages sustained when the claim alleges tortious conduct; or
>
> (b) the date of the transaction and a brief description of the subject matter when the claim is contractual[.]

*Id.* at (3)(a)-(b).

[5] A party has the right to appellate review from a final order of a "magisterial district judge of this Commonwealth to the court having jurisdiction of such appeals." 42 Pa.C.S.A § 5105; *see also id.* at § 5105(d)(4) (appeal from order of minor judiciary shall be *de novo* under procedures established by general rule). Additionally, a party must file an appeal of a money judgment from the MDC within 30 days of the date of judgment. *Cherry Ridge Development v. Chenoga*, 703 A.2d 1061, 1062 (Pa. Super. 1997), quoting Pa.R.Civ.P.M.D.J. 1002(A).

[6] For purposes of this memorandum decision, we use the short form "CCP" to refer to Court of Common Pleas of Washington County.

sought "judgment in her favor . . . in an amount not in excess of the amounts required for compulsory judicial arbitration[.]" *Id.* at 8; *see* Wash.L.R.C.P. 1301 (setting amount in controversy, exclusive of interest and costs, in compulsory arbitration to $50,000.00 in civil actions). Doctor Bartusiak filed preliminary objections claiming that Provenzano's action was barred by the two-year statute of limitations for negligence actions, *see* 42 Pa.C.S.A. § 5524(2), and a motion for entry of partial judgment of *non pros* on Provenzano's MDC contract claim for reimbursement for monies paid for dental work "that was not and could not be completed." *See* Motion for Entry of Partial Judgment of *Non Pros*, 12/26/19; *see also* MDC Civil Complaint, 8/6/19.

Provenzano filed preliminary objections to Dr. Bartusiak's preliminary objections. The trial court overruled Dr. Bartusiak's preliminary objections, sustained Provenzano's preliminary objections, and granted, in part and without prejudice, judgment of *non pros* in favor of Dr. Bartusiak as it related to Provenzano's claim for reimbursement. *See* Order, 3/25/20.

Doctor Bartusiak filed an answer and new matter, again raising the statute of limitations as a defense to Provenzano's professional negligence action. Doctor Bartusiak filed a motion for judgment on the pleadings, also raising the statute of limitations defense; the court denied the motion as premature on July 21, 2020. On August 6, 2020, Dr. Bartusiak filed a motion for reconsideration and, in the alternative, a motion to certify the July 21, 2020 order as immediately appealable pursuant to 42 Pa.C.S.A. § 702. Doctor

- 5 -

Bartusiak's motions were deemed denied by operation of law. On August 26, 2020, Dr. Bartusiak filed a motion for leave to amend his answer and new matter, which the trial court granted. On September 8, 2020, Dr. Bartusiak filed an amended answer and new matter.

On April 11, 2022, Dr. Bartusiak filed a motion for summary judgment based on the two-year statute of limitations with regard to Provenzano's negligence claim, including an argument that the discovery rule was inapplicable to the case because "Plaintiff was on inquiry notice no later than September 10, 2017[,]" about her injuries. Defendant's Motion for Summary Judgment, 4/11/22, at ¶¶ 1-2. Provenzano filed a response to the summary judgment motion on May 9, 2022. On December 2, 2022, the trial court denied Dr. Bartusiak's summary judgment motion.

On December 20, 2022, Dr. Bartusiak filed a motion for reconsideration of the court's order denying his motion for summary judgment, or, in the alternative, certification for appeal of that order in accordance with Pa.R.A.P. 1311(b). **See id.** (amendment of order to include language set forth in section 42 Pa.C.S.A. §702(b), claiming decision involves controlling issue of law, substantial difference of opinion regarding Pennsylvania law exists on issue, and immediate appeal from order may materially advance ultimate termination of matter). On February 10, 2023, Dr. Bartusiak filed a petition for permission to appeal, pursuant to Pa.R.A.P. 1311(a)(1), in this Court. On February 13, 2023, the trial court granted Dr. Bartusiak's motion to certify the issue for immediate appeal, amending its December 2, 2022 order to include

- 6 -

the applicable section 702(b) language, and staying the action pending appeal. *See* Order, 2/13/23.

On July 18, 2023, our Court granted Dr. Bartusiak's petition for permission to appeal to this Court. *See* Order, 7/18/23. Doctor Bartusiak raises the following claim on appeal: "Where a professional negligence claim is initiated beyond the applicable statute of limitations period, and the plaintiff knew she was injured, and knew the cause of her injury, prior to the expiration of the statute of limitations, is the action time-barred?" Appellant's Brief, at 4.

Doctor Bartusiak claims the trial court, by relying in part on Pa.R.Civ.P.D.M.J. 1007, erred in concluding that the statute of limitations for a professional negligence cause of action was tolled by Provenzano's filling of a MDC complaint. *See* Appellant's Brief, at 13. The trial court's decision, he asserts, not only deprived him of his right to a statute of limitations defense, but also is "contrary to longstanding Pennsylvania law that a party cannot, via amendment or another procedural mechanism, avoid dismissal of a time-barred claim." *Id.*

> Our standard of review in evaluating a trial court's [] denial of summary judgment is well-settled[:] [w]e view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

*Good v. Frankie & Eddie's Hanover Inn, LLP*, 171 A.3d 792, 795 (Pa. Super. 2017) (citation and quotation marks omitted).

An appellate court's "scope of review of a trial court's order [] denying summary judgment is plenary, and the appellate court's standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." *Id.* (citation omitted). Finally, "[t]he applicability of a statute of limitations is a question of law; therefore, our scope of review is plenary, and our standard of review is *de novo*. A trial court's determination will not be disturbed absent an abuse of its discretion." *Kessock v. Conestoga Title Ins. Co.*, 194 A.3d 1046, 1056 (Pa. Super. 2018).

Instantly, the trial court found that Provenzano's MDC complaint tolled the statute of limitations on her negligence claim. The court analyzed the interplay between the Rules of Civil Procedure for Magisterial District Judges and our Commonwealth's statutes of limitations to conclude that Provenzano's action was not time-barred. In particular, the court concluded that "the rules governing appeals from decisions of magisterial district judges *purposefully provide for broad de novo review*." Trial Court Opinion, 12/2/22, at 9 (emphasis in original). We agree.

"[T]he purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court." *Gladstone Partners*, *LP v. Overland Enterprise, Inc.*, 950 A.2d 1011, 1014 (Pa. Super. 2008). The term "trial *de novo*" means "[a] new trial on the entire

case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." Black's Law Dictionary 1512 (7th ed. 1999). In other words, Provenzano was entitled to a completely new trial of the entire case. A trial *de novo* does not mean that the Court of Common Pleas sits as an appellate court to assess claims of error in the original MDC proceedings before the magisterial district judge.

Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges 1007 (Rule 1007) governs the procedure to appeal a MDC action and provides as follows:

> **A.** The proceeding on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable **if the action was initially commenced** in the court of common pleas.
>
> **B.** Except as otherwise provided in subdivision C, **the action upon appeal may not be limited with respect to** amount in controversy, **joinder of causes of action** or parties, counterclaims, **added or changed averments** or otherwise because of the particulars of the action before the magisterial district judge.

Pa.R.Civ.P.D.M.J. 1007(a)-(b)[7] (emphasis added). The Official Note to Rule 1007 states that, subject to the Rules of Civil Procedure, "[u]nder subdivision

---

[7] A litigant may either file an appeal *de novo* or *praecipe* for writ of certiorari from a magisterial district judgment. **See** Pa.R.Civ.P.M.D.J. 1007, 1009. While "the purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court, . . . certiorari connotes a review of the record established in the minor court with an eye to cure defects in procedure and legal error." **Gladstone Partners**, 950 A.2d 1011 at 1014-15. "The procedures are distinct, and Pa.R.Civ.P.M.D.J. No. 1015 clearly requires a litigant desiring to challenge a magisterial district court's judgment to choose either to appeal *de novo* to the court of common pleas or
*(Footnote Continued Next Page)*

B [of Rule 1007], the court of common pleas on appeal can exercise its full jurisdiction and **all parties will be free to treat the case as though it had never been before the magisterial district judge**." ***Id.***, Official Note (emphasis added).

As the trial court acknowledged, the rules for magisterial district judges are not as exacting as those applicable to the courts of common pleas and have expanded in scope over the years. In ***Delverme v. Pavlinsky***, 592 A.2d 746 (Pa. Super. 1991), our Court made the following observation regarding construction of the rules of civil procedure for magisterial district judges:

> It is our opinion that the rules of procedure must be liberally construed so as to guaranty that actions such as the present one are resolved in a just, speedy[,] and inexpensive manner consistent with the mandates of Rule 126. In the past, the majority of cases interpreting the rules of procedure relating to appeals from decisions of district justices favored a very strict and narrow interpretation of those rules. ***See City of Easton v. Marra***, [] 326 A.2d 637 ([Pa. Super.] 1974); ***Voynik v. Davidson***, 69 D. & C.2d 267 (1975); ***Cluck v. Geigley***, 58 D. & C.2d 429 (1972). The courts would routinely strike appeals if the rules of procedure were not followed to the letter. However, the modern trend has tended toward a more liberal interpretation of these rules. ***See Quarato v. Facelifters, Ltd.***, [] 451 A.2d 777 ([Pa. Super.] 1982) (court concluded that justice was served by reinstating appeal even though appellant failed to comply with the rule requiring that sender's receipt be attached to the proof of service filed with the court); ***Katsantonis v. Freels***, [] 419 A.2d 778 ([Pa. Super.] 1980) (appeal was reinstated even though proof of service was not filed within five days as required under

_____

to seek certiorari review in the court of common pleas." ***Id.*** (citation and quotation marks omitted). A litigant cannot seek both the remedies of an appeal *de novo* and certiorari review. ***Id.***

- 10 -

Pa.R.C.P.D.J. No. 1005(B)); **Seiple v. Pitterich**, 35 Pa.D. & C.3d 592 (1984) (strict compliance with rules of civil procedure for district justices not required, and absent a showing of prejudice resulting from a failure to strictly comply with the rules a stricken appeal will be reinstated); **Beck v. Weitzenhoffer**, 49 Pa.D. & C.3d 112 (1988) (weight of recent authority requires a liberal interpretation of the rules of procedure leading to the conclusion that an appeal should be reinstated even though appellant failed to file proof of service of the notice of appeal as required under the rules).

The two important factors in each of these cases advancing the notion of liberal construction of these rules are, first, there has been no showing of prejudice resulting from the failure to comply strictly with the rules and, second, there has been good cause shown for reinstating the appeal.

*Id.* at 748.

Thus, under Rule 1007, Provenzano was not limited with regard to any "particulars of the action before the magisterial district judge." Pa.R.Civ.P.D.M.J. 1007(C). In short, she was permitted to raise new claims when Dr. Bartusiak appealed the magistrate's decision for a trial *de novo* in the Court of Common Pleas. **See** Trial Court Opinion, 12/2/22, at 12. **See also Commonwealth v. Tisdale**, 100 A.3d 216, 220 n.7 (Pa. Super. 2014) ("The effect of a trial *de novo* is that it supplants any prior decision *in toto*."); **Commonwealth v. Krut**, 457 A.2d 114, 116 (Pa. Super. 1983) ("[T]rial *de novo* means that the defendant's case will in fact be tried in Common Pleas anew the same as if it had not been heard before and as if no decision had been previously rendered.") (citation and quotation marks omitted); **Indep. Tech. Servs. Campo's Expo., Inc.**, 812 A.2d 1238, 1241 (Pa. Super. 2002) (once appeal for trial *de novo* perfected in Court of Common Pleas, any judgment entered at magistrate level is nullified or extinguished).

- 11 -

Here, the parties do not dispute that Provenzano's negligence cause of action against Dr. Bartusiak accrued sometime between August 7, 2017—the time when he removed Provenzano's old implants and replaced them with new implants—and September 15, 2017—when the oral surgeon incised and drained the abscess due to the new implants. **See** Plaintiff's CCP Complaint, 11/12/19, at 2-4. **See also** Plaintiff's Deposition, "Exhibit B" to Motion for Summary Judgment, 2/23/22, at 57-59 (Provenzano stating when ER doctor told her on September 7, 2017, "[a]ny idiot knows you don't put in new implants on top of old implants . . . [she] started realizing [that] Dr. Bartusiak had done something improper"). Although Provenzano alleged in her complaint that the oral surgeon removed the implants on September 8, 2017, at her deposition she stated that she did not recall having the implants removed on that date, but, instead, stated that they were removed during her stay in the hospital sometime between September 10th and 15th. **See** Plaintiff's Deposition, "Exhibit B" to Motion for Summary Judgment, 2/23/22, at 59. Thus, even giving Provenzano the benefit of the latter date, for purposes of the statute of limitations on her negligence action, **see** 42 Pa.C.S.A. § 5524, that cause of action had to have been commenced by September 15, 2019—more than one month *after* Provenzano filed her MDC complaint.

"The defense of statute of limitations is not a technical defense[,] but substantial and meritorious." **Booher v. Olczak**, 797 A.2d 342, 345 (Pa. Super. 2002). "In the ordinary course, a statute of limitations creates 'a time

limit for suing in a civil case, based on the date when the claim accrued.'" ***Dubose v. Quinlan***, 173 A.3d 634, 643 (Pa. 2017) (citing Black's Law Dictionary 1546 (9th ed. 2009)). The statute of limitations "does not divest the court of jurisdiction over either the cause of action or the parties, but is merely a procedural bar to recovery[.]" ***Dash v. Wilap Corp.***, 495 A.2d 950, 955 (Pa. Super. 1985) (citation omitted). ***See also Bellotti v. Spaeder***, 249 A.2d 343, 344 (Pa. 1969) (explaining statute of limitations does not go to power of court over controversy or defendant, "but rather to the mode in which the case is brought before the court"). Generally, courts compute limitations periods from the time the cause of action accrued. ***See*** 42 Pa.C.S.A. § 5502(a).[8]

Instantly, Provenzano filed the MDC action within four years of signing the August 4, 2017 Patient Proposed Treatment Plan and prepaying $12,937.00, and within the two years of discovering her injury. Thus, she not only filed her MDC complaint within the statute of limitations for a contract action, ***see*** 42 Pa.C.S.A. 5525(a)(1), but also within the limitations period for a negligence action. ***See id.*** at § 5524(2). Moreover, the facts upon which

---

[8] Pursuant to 42 Pa.C.S.A. § 5503, "a matter is commenced . . . when a document embodying the matter is filed in an office authorized by section 5103 [] or by any other provision of law to receive such document." ***Id.*** at § 5503. Here, the MDC and Court of Common Pleas are authorized to receive complaints. Moreover, it is well-established that an action for negligence must be brought within two years of the date of the injury. ***See*** 42 Pa.C.S.A. § 5524.

Provanzano's MDC claim is based sufficiently put Dr. Bartusiak on notice for purposes of a negligence action. ***See Delverme***, ***supra*** (important factor in advancing notion of liberal construction of MDC rules is "there has been no showing of prejudice resulting from the failure to comply strictly with the rules").

Because magisterial district rules were intentionally amended to expand the scope of the proceeding on appeal, we conclude that any cause of action that a plaintiff *could have* timely brought at the time he or she files a complaint in the MDC, based upon the same underlying operative facts alleged in the MDC complaint, tolls the statute of limitations for purposes of alleging that cause of action for the first time on appeal for a trial *de novo* in the Court of Common Pleas.[9] We come to this holding, recognizing that the appeal

_____

[9] Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges 1008 (Rule 1008) provides that once the magisterial district judge receives a copy of the notice of appeal from an MDC judgment, that shall "operate as a *supersedeas*." Pa.R.Civ.P.M.D.J. 1008(A). "[T]he purpose of a *supersedeas* bond is to maintain the status quo and protect [the winning party] from injury during the appeal period. Such a bond protects an appellee because it guarantee[s] that his judgment, if it is affirmed, will be paid in full, with interest and court costs." ***Metro Real Estate Inv., LLC v. Siaway***, 247 A.3d 424, 432 (Pa. Super. 2021) (citation omitted). ***See also*** Pa.R.Civ.P.M.D.J. 1001(9) (defining *supersedeas* as "a prohibition against any further execution processes on the judgment affected thereby").

Moreover, under 42 Pa.C.S.A. § 5535(b), Pennsylvania's savings statute, "[w]here the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced." 42 Pa.C.S.A. § 5535(b). Thus, the time between October 15, 2019 and November 12, 2019—the date the MDC received Dr. Bartusiak's notice of appeal for a
*(Footnote Continued Next Page)*

procedure in the magisterial district court for a trial *de novo* in the court of common pleas court is not akin to amending a complaint, filed in the first instance with the trial court, to include a cause of action that is time barred. ***See N.Y. State Elec. & Gas Corp. v. Westinghouse Elec. Corp.***, 564 A.2d 919, 928 (Pa. Super. 1989) (en banc) ("[i]t is axiomatic that a party may not plead a new cause of action in an amended complaint when the new cause of action is barred by the applicable statute of limitations at the time the amended complaint is filed.").

Thus, our *de novo* review of the applicability of the statute of limitations in the instant matter leads us to conclude that the trial court did not err when it determined that Provenzano tolled the statute of limitations on her negligence action by filing a timely contract action in the MDC. ***Kessock***, ***supra***. Therefore, the trial court did not err by denying Dr. Bartusiak's motion for summary judgment. ***Good***, ***supra***.

Today's decision adheres to the well-established principle that we construe the rules of civil procedure liberally and recognizes that the rules for magisterial district court actions are broad in scope. Because Provenzano, undoubtedly, was permitted to join new or additional causes of action in her complaint following Dr. Bartusiak's appeal, ***see*** Pa.R.Civ.P.D.M.J. 1007(b), and because she filed her MDC complaint within the statute of limitations for

_____

trial *de novo* and the date Provenzano filed her complaint in the trial court— would also have been excluded from any relevant limitations period under section 5535.

a negligence action, that cause of action was tolled while her case proceeded through the MDC until she filed her complaint in the Court of Common Pleas for a trial *de novo*.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024